Bollinger *v.* Chouteau.

---

BOLLINGER *et al.*, Appellants, *vs.* CHOUTEAU *et al.*, Respondents.

1. A judgment of foreclosure against a mortgagor who was dead at the commencement of the suit, is void.
2. An adverse possession by a mortgagee, under the statute of limitations, to be a defence against a suit brought by the mortgagor to redeem, must at least be an *actual* possession. Payment of taxes on wild land is not sufficient.
3. A mortgagee against whom a suit is brought to redeem cannot defend upon the ground of the staleness of the claim, unless the facts would constitute a bar in equity.
4. A mortgagee in possession, upon a bill by the mortgagor to redeem, will be allowed for all permanent and useful improvements, deducting rents and profits, and for all taxes paid.

*Appeal from Jefferson Circuit Court.*

The case is stated in the opinion of the court. It was orally argued by Mr. Noell and Mr. Fox, for appellants, and Mr. Polk and Mr. Whittelsey, for respondents.

*Noell* and *Fox*, for appellants, made the following points: 1. The proceedings of foreclosure set up by defendants as a bar to the redemption demanded by plaintiffs were void, because Jacob Bollinger, who was made defendant, was then dead, and the suit should have been instituted against his heirs. (Act of 1807, tit. Mortgage. *Russell* v. *Mullanphy's heirs*, 4 Mo. Rep. 329–30. 2 Summer's C. C. R. 401.

| | |
|---|---|
| 20 | 89 |
| 98 | 197 |
| 99 | 17 |
| 20 | 89 |
| 101 | 259 |
| 20 | 89 |
| 128 | 186 |
| 20 | 89 |
| 142 | 617 |
| 20 | 89 |
| 148 | 47 |
| 20 | 89 |
| 154 | 606 |
| 81a | 661 |

12 Mo. Rep. 603.) 2. The right to redeem in this case was not barred by limitation or lapse of time, there being no actual possession of the mortgaged premises until 1837. (*Moore* v. *Cable*, 1 Johns. Ch. Cases, 385. 2 Cruise's Dig. 140. 2 Vernon, 377. 5 Brown's Par. Cases, 307.) 3. The only acts of ownership shown by the defendants prior to 1836, were the redemption of the land from the state to which it had been forfeited for taxes, and this act was not inconsistent with the character of mortgagees. As mortgagees, they were interested in seeing that their security was not lost. (*Wells* v. *Morse*, 2 Vern. 9. *Dexter* v. *Arnold*, 3 Sumner, 152. 9 Dana, 235. 3 Sumner, 476. *Morgan* v. *Morgan*, 10 Georgia, 297.)

*Polk* and *Whittelsey*, for respondents, relied upon the following, among other points: 1. The statute of limitations must be considered as having run against the claim asserted by the plaintiffs. Chouteau and Soulard, after the foreclosure in 1821, paid taxes on the land, and exercised all the possession over it that is usually exercised over wild land. It does not appear that the heirs of Jacob Bollinger were minors, or laboring under any disability at the time of his death. (*Hughes* v. *Edwards*, 9 Wheat. 489. *Demarest* v. *Wynkoop*, 3 Johns. Ch. Rep. 129. *Slee* v. *Manhattan Co.* 1 Paige's Ch. Rep. 148. *Fenwick* v. *Macy*, 1 Dana, 279. 14 Mo. Rep. 437. 17 Serg. & Raw. 350. 7 Watts, 565, 580. 3 Watts, 69. 10 Serg. & R. 306. 1 S. & R. 111. 2 S. & R. 436. 7 Watts, 35. 11 Peters, 41. 6 Peters, 513. 10 Peters, 442. 2 S. & R. 436.) 2. The plaintiffs' claim is antiquated and stale, and ought not to be entertained. (2 Story's Eq. p. 503, §529. 1 Fonblanque, ch. 4, §27, and notes. *Craig* v. *Perry*, 3 Mo. 516. 10 Pet. 177–225. *Smith* v. *Clay*, 3 Bro. Ch. Rep. 640. 2 Jac. & Walk. 141. 2 Younge & Coll. 662–678–81. 2 Sch. & Lef. 637.) 3. Under the facts and circumstances of this case, it would be inequitable to allow the representatives of the mortgagor to redeem. (Powell on Mort. (3d ed.) p. 136, 143. Cowp. Rep. 601. 1 Rep. in

Ch. 170. 1 Vern. 244. 3 Salk. 84. *Meyer* v. *Campbell,* 12 Mo. 603. 1 Story's Eq. 75. 18 J. R. 144, 288, 544. 10 Peters, 177. 6 Wheaton, 541. 1 Dessaus. 160. 2 Dessaus. 582.) 4. The judgment of foreclosure in favor of Chouteau and Soulard was not void, but at most only voidable, and cannot be objected to collaterally in this suit. The fact that Bollinger was dead does not render it void, because it was a proceeding in *rem.* (See 1 Terr. Laws, 182. *Downing* v. *Palmater*, 1 Monroe, 66. *McNair* v. *O'Fallon*, 8 Mo. Rep. 188, 204. 2 Hare & W. Lead. Cases, 734, 737. 12 Mo. Rep. 238. 16 Mo. Rep. 173. 4 Watts, 278. 16 Mo. Rep. 331. 11 Mo. Rep. 295.)

RYLAND, Judge, delivered the opinion of the court.

This is a petition by the heirs of Jacob Bollinger to be permitted to redeem a tract of land purchased by their ancestor of Chouteau and Soulard, and for which said Chouteau and Soulard executed their deed to said Jacob Bollinger; and afterwards, on the same day, the said Bollinger, having given his notes for the purchase money, executed the mortgage in question on the same land, in order to secure the payment of the purchase money to the said grantors, Chouteau and Soulard. The purchase was made and deed executed, and mortgage and notes given in March, 1817. The notes falling due at different times according to the stipulated credit given, and none of the money being paid, the said Chouteau and Soulard filed their petition in the Circuit Court of Jefferson county, on the 21st August, 1821, to foreclose the mortgage and to have the land sold to pay the debt. The sheriff returned that the defendant was not found. At the April term, 1822, of said court, an order of publication was made. At the August term, it appearing that publication had been duly made, a judgment by default was entered, and the court ordered a sale of the mortgaged premises.

This order was renewed at the December term, 1823, and

the land was sold by the sheriff in January, 1824 ; Chouteau and Soulard became the purchasers for some two hundred and ten dollars.

The facts agreed upon the record show that said Jacob Bollinger was dead at the commencement of the suit to foreclose the mortgage, and that letters of administration were granted on his estate in Cape Girardeau county, in October, 1818 ; that said Jacob Bollinger resided in Cape Girardeau county previously to his death.

The court below found that the proceedings to foreclose the mortgage by Chouteau and Soulard were in good faith ; that, after the purchase by said Chouteau and Soulard, one Cowen, in 1831, claiming to have purchased one half of said land from Chouteau, made a survey of the exterior lines of the tract and run a centre line for the purpose of dividing said land ; that, from the year 1826, the said land was assessed in the name of Chouteau and Soulard, and that they and their representatives paid the taxes on said land at Jefferson City until 1836, when said land was subdivided and sold in partition.   Since the year 1837, the land has been in the actual occupation of the defendants, who are now in possession, claiming title to the same, in good faith, and without notice of the death of said Jacob Bollinger or of any claim by his heirs.   The defendants have made, under their title, on said land, valuable improvements, amounting to $30,000 or $35,000.   The court finds that Jacob Bollinger never had actual possession ; that, at the date of the sale, in 1817, the land was of no greater value than the sum mentioned in the mortgage, $14,929 92 ; that, by means of the improvements and growth of the country, said land has risen in the last few years greatly in value.

Upon this finding, the court held that the plaintiffs were not entitled to redeem.   Although the judgment of foreclosure mentioned may be declared wholly void and irregular, having been obtained without notice, yet, upon the lapse of thirty six years since the execution of the mortgage, no part of the purchase money having been paid, and the property, in consequence of

the growth of the country, and the valuable improvements put thereon by the persons now in possession, having greatly increased in value, the court below considered it unjust and inequitable to allow redemption, and rendered judgment for defendants.

The plaintiffs made the necessary motions for a review of the finding of the facts, as well as for a review of the declarations of the law arising thereon, which being overruled and excepted to, they bring the case here by appeal.

1. Two points present themselves by this statement of the facts which will require the consideration of this court. The first is, in regard to the proceedings to foreclose the mortgage by Chouteau and Soulard in 1821. In the opinion of this court, there can be no doubt as to the irregularity of these proceedings. Jacob Bollinger, against whom the proceedings were commenced, was dead some years before the plaintiffs filed their petition. Administration had been granted upon his estate in Cape Girardeau county, where he had resided in 1818. The summons issued against him alone, not against his heirs. This whole proceeding then was irregular. The judgment is consequently void. Indeed, the court below considered this judgment void, and argumentatively found it to be so. A suit brought against a dead man will not authorize the court to render judgment against him. The plaintiffs in that petition should have brought the action against the heirs of the mortgagor. Then, however the proceedings to foreclose the mortgage by Chouteau and Soulard may have been relied on in this case, and however far they may have had any influence on the judgment of the court below, they are now unavailing, and they will, in this court, be entirely disregarded and laid out of our consideration. They can have no effect, and are entitled to no weight in the adjudication of this case.

2. These proceedings laid aside, then how stands the case? The heirs of a mortgagor file their petition for leave to redeem the mortgaged property ; for leave to redeem the property of a mortgage still open and unforeclosed. They are met with the

defence of the statute of limitations, and the staleness of their claim. So far as regards the statute of limitations, the question presents but little difficulty. This statute can be brought to the aid of the actual possessor only. It begins to run from such actual possession, and though it has been invoked in behalf of those who claim title to wild and unimproved lands, without actual occupation, yet the courts have invariably declared it cannot help in such cases. In the case of *Gordon et al.* v. *Hobart et al.*, Mr. Justice Story, in delivering the opinion of the court, said : "It may be proper, before closing this opinion, to notice another objection to the plaintiff's right to redeem any of the mortgaged premises, and that is, at the time of the deed of conveyance to Jesse Gordon, in 1832, by Thackara, (which is the foundation of the plaintiff's title,) the defendants held the premises under an adverse possession, and consequently, that that deed was inoperative. The only answer necessary to be made to this objection is, that the possession was that of a mortgagee, and that the latter can never be permitted, in a court of equity, to set up any adverse possession to bar the title of his mortgagor or purchasers under him, to redeem, unless that possession has been for twenty years, and thus has constituted an equitable bar from lapse of time." (2 Sum. Rep. 408.)

In *Moore* v. *Cable*, (1 Johns. Ch. Rep. 386–7,) Chancellor Kent said : "Nor will a mere constructive possession for twenty years be sufficient. The courts require an actual possession by the mortgagee during the period that is to form the equitable bar ; for, as they adopt the rule by analogy to the statute of limitations, it requires the same actual and continued possession to form a bar in equity that is requisite to form a bar at law. The idea suggested by the counsel for the defendant that, as the mortgaged premises were probably wild, uncleared lands, possession is to be deemed to have followed the right, and to have been in the mortgagee after default of payment, is not applicable to this case. That fiction was adopted by the courts to preserve the lands of the true owner, while in

their uncultivated state, from intrusion and trespass ; and it would be a perversion of the rule, to make it operate by way of extinguishment of a right. Nothing short of actual possession for twenty years, will, at law, toll the entry of the true owner ; and the equity of redemption, which, in this court, is the same as the fee at law, ought to be equally protected."

The actual possession here did not begin until some time in 1836 or '37, not twenty years before this proceeding to re-redeem was commenced. There is no doubt as to the utter inability of the defendants to protect themselves either at law or in equity, by the length of their possession, in this case. The payment of taxes will not do. This, after proof of actual possession, might be a strong circumstance to show the continued claim of the defendants ; but here there is no possession by Chouteau and Soulard, or either of them, or any one claiming under them, until 1836 or 1837.

3. The staleness of a claim will not prove a valid defence, when the facts by which it exists would not afford a bar in equity. In *Proctor et al.* v. *Cowper*, (2 Vernon, 376,) a bill to redeem a mortgage made in 1642, fifty-eight years before, was allowed, and a redemption decreed. Here were three descents on the defendant's part, and four on the plaintiffs', the length of time being answered, for the greatest part, by infancy and coverture, and because a bill was brought by the mortgagee in 1686, to foreclose. This was done in the year 1700.

This case presents great hardship on the part of the defendants, and it would have afforded this court a gratification to have been able, legally, to protect them and secure them in their homes. But the law is with the plaintiffs, and we have nothing to do but to declare it. It has been said by an eminent judge, that " hard cases are the quicksands of the law."

4. The judgment below must be reversed, the case remanded, and that court is directed to permit the plaintiffs to redeem ; but they are to allow compensation to the defendants for all permanent and useful improvements, deducting the rents and profits received by the defendants ; the payment of the purchase

money and interest thereon must first be made, and the re-payment to them of the taxes. The purchase money and interest to be paid by a specified day ; otherwise the petition to redeem to be denied, and the mortgage to stand as foreclosed. The other judges concur herein.