KEANE, *Appellant*, v. KYNE.

**Removing Cloud on Land Titles.** A suit to remove a cloud upon the title to land cannot be maintained by one not in actual possession of the land; nor where the evidence preponderates against the existence of the alleged cloud.

*Appeal from St. Louis Court of Appeals.*

*Samuel Erskine* and *Jecko, Hospes & Jecko* for appellant.

*Marshall & Barclay* for respondent.

Plaintiff's own testimony showed that he was never in possession of the land for a moment. No principle of equity is better settled than that in order to maintain a suit to remove a cloud on title, the plaintiff must not only show a legal title to the land, but must prove himself in actual possession of the land in suit; the reason of this rule being that if plaintiff is not in actual possession of the land, and defendant is, then the plaintiff's remedy is at law, by eject- ment; but if the land is in possession of a third person, it would be frivolous for a court of equity to adjudicate a dispute in which the subject-matter was in the power of a third party who might have a better title than either party in court. Hence courts of equity will not undertake to remove a cloud from title unless plaintiff establishes his actual possession to the land in suit. *Orton v. Smith,* 18 Howard 263; *Polk v. Pendleton,* 31 Md. 118; *Herrington v. Williams,* 31 Texas 448. *Barron v. Robbins,* 22 Mich. 35; *Lake Road Co. v. Bedford,* 3 Nevada 399; *Harris v. Smith,* 2 Dana 11; *Alton Ins. Co. v. Buckmaster,* 13 Ill. 205.

SHERWOOD, C. J.—The plaintiff seeks to remove what he terms a cloud upon his title to a certain lot in the city of St. Louis, caused, as he claims, by a forged deed pur- porting to have been executed by himself to defendant, in 1873. The answer denied plaintiff's ownership or posses- sion of the lot, and the forgery of the deed, &c. The court entered a decree for the plaintiff, which was reversed at general term, and on appeal to the court of appeals, the pe- tition was dismissed, and the plaintiff appeals here.

1. We approve the action of the court of appeals in dismissing the petition, and for the following reasons: We regard the evidence greatly preponderating in favor of the genuineness of the deed of February, 1873, notwithstand- ing plaintiff swore he did not execute it, and was disabled physically from such execution, at the time the instrument

bears date, and the certificate of acknowledgement purports to have been made; and notwithstanding his testimony in the particular of disability finds support in that of others. His testimony as to non-execution is met by the certificate of acknowledgement of the notary, (since deceased,) by the testimony of two experts, who comparing the signatures of the defendant voluntarily made during the progress of the trial, with the signature in question, had no doubt as to the genuineness of the latter; by the fact, as plaintiff's own testimony shows, that his brother-in-law, Kyne, the husband of defendant, had paid the taxes on the lot in question, from the year 1858, down to the time of his decease in October 1873, notwithstanding the plaintiff had become the recipient of the legal title from Kyne, by reason of the deed made in 1863; and by the fact that plaintiff on one occasion, as he himself states, at the instance of Kyne, gave a note and executed a deed of trust on the lot in question for $1,000, allowed Kyne to receive the money, never giving the matter any further thought or attention, or seeing that the debt thus created was satisfied. When we consider all these facts in connection with what is equally well established, that plaintiff never took possession of, or exercised any acts of ownership over the lot in question; never paid any taxes thereon, or even attempted to do so, until shortly after the death of Kyne, when he says he was surprised by finding the alleged forged deed on record, we are constrained to the conclusion that every reasonable hypothesis deducible from the evidence, favors the idea that the deed of 1873 was not forged, but the genuine act and deed of him, the plaintiff. Looking then to the evidence alone, the plaintiff cannot succeed.

2. But there is another ground which must prove equally potent in precluding plaintiff of success, and this, regardless of the evidence adduced: He was not in possession of the lot in question. And authority is abundant to show that only when this is the case, can equitable interposition, as here prayed, be successfully invoked. The

obvious reason is, that when a party is himself in posses-
sion, he cannot resort to a court of law to try the title, and
therefore must needs come into a court of equity. (1 Story
Eq. Jur., Sec. 711 *a*, 11th Ed.; *Orton v. Smith*, 18 How. 263;
*Polk v. Pendleton*, 31 Md. 118, and cases cited.) Holding
these views, we affirm the judgment of the court of ap-
peals. All concur.

AFFIRMED.