DAVIS *et al.*, *Appellants*, v. SLOAN *et al.*

Equity : CLOUD ON TITLE : PARTY OUT OF POSSESSION. A party claiming the legal title to land, and being out of possession, cannot invoke equitable jurisdiction to remove a cloud on such title.

*Appeal from Washington Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*William Carter, J. L. Smith* and *F. E. Luckett* for appellants.

The general statement that one not in possession cannot bring a bill in equity to remove a cloud from his title is too broad. This is doubtless the rule in cases when the complainant has the legal title, but when he has only an equitable title, and the legal title is in the defendant, the rule does not apply. In that case the complainant cannot sue at law because he has no legal title, and hence can only assert his right in a court of equity. In the case at bar the defendant is in possession under a claim of legal title with deeds regular on their face. How can the complainants assert their title except through a court of equity ? *Mason v. Black*, 87 Mo. 329 ; *Eck v. Hatcher*, 58 Mo. 239 ; *Almery v. Mitchell*, 3 Head. [Tenn.] 39 ; *Branch v. Hix*, 24 Ark. 431 ; *Harrington v. Williams*, 3 Tex. 448.

*John F. Bush* for respondents.

(1) Appellants' pleadings show that they hold a legal title to the premises under a deed, but are out of possession. Under these circumstances the appellants

had a remedy at law, in the shape of an action of eject-ment, which precludes or interdicts the jurisdiction and interference of equity. *Janney v. Spedden*, 38 Mo. 395; *McGuire v. Tyler*, 47 Mo. 115; *Odle v. Odle*, 73 Mo. 389; 1 Pomeroy's Eq. Jur. [1 Ed.] secs. 217, 222; 1 Story's Eq. Jur. [11 Ed.] sec. 33, pp. 23, 24, 25. (2) Equity never intervenes to remove a cloud on a legal title, unless the claimant is in possession of the premises. *Keane v. Kyne*, 66 Mo. 216; *Ins. Co. v. Clark*, 52 Mo. 372; 1 Story's Eq. Jur. 23, 24, 25; *Polk v. Pendleton*, 31 Ind. 118; *Orter v. Smith*, 18 How. 263.

NORTON, C. J.—This is a proceeding in equity to remove a cloud on plaintiffs' title to certain land in the petition described, and to recover possession of the same. On the trial, judgment was rendered for defend-ants, from which plaintiffs have appealed. It appears from the averments in the petition that the legal title to the land in question was in plaintiffs, and that at the time the bill was filed they were out of possession, and that defendants were in possession. The judgment must be affirmed on the ground that a party claiming the legal title and being out of possession cannot invoke equi-table jurisdiction to remove a cloud on such title.. *Keane v. Kyne*, 66 Mo. 216; *Clark v. Ins. Co.*, 52 Mo. 272; *Maguire v. Tyler*, 47 Mo. 115; *Janney v. Spedden*, 38 Mo. 395. All concur.