# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1889.

---

GRAVES, *Trustee, et al.* v. EWART *et al., Appellants.*

1. **Sale of Land for Delinquent Taxes: PURCHASER'S TITLE.** A purchaser of land at a back-tax sale acquires only the interest and title of the persons who were defendants to the tax suit.

2. ———: ———. Persons not made defendants are not affected by the judgment.

3. **Judgment Against a Dead Man.** A judgment recovered in a suit begun and prosecuted against a dead man is void.

4. **Foreign Wills Affecting Lands: NOTICE.** Persons dealing with lands situate in this state are not charged with constructive notice of a foreign will, until it is either proved anew in this state, or until a copy of the will and a foreign probate is recorded here, as is permitted to be done by our statutes.

5. **Color of Title: POSSESSION.** One having the legal title to land. and out of possession, cannot invoke equitable jurisdiction to remove a cloud upon his title.

6. ———: ———. The rule, however, does not apply where the plaintiff has only an equitable title, and the legal title is in the defend-. ant.

(13)

*Appeal from Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*H. M. Ramey* for appellants.

If the judgment against Graves and Ewart was void, and if these plaintiffs were not parties to that suit, and if the legal title to the lands is in plaintiffs as alleged in the petition, then they have no standing in a court of equity to set aside this judgment or the sheriff's deed, or any of the mesne conveyances mentioned in the petition. *Fontaine v. Hudson,* 93 Mo. 62; *Bear v. Youngman,* 19 Mo. App. 42; *Railroad Co. v. Reynolds,* 89 Mo. 146; *Holland v. Johnson,* 80 Mo. 34; *Odell v. Odell,* 73 Mo. 289; *Davis v. Sloan,* 95 Mo. 552.

*John E. Burden* and *Thomas, McCullough & Peery* for respondents.

(1) One out of possession, whose land is sold under execution, the record, under which the purchaser at the sheriff's sale claims, not disclosing on its face the infirmity of such purchaser's title, and recourse to extrinsic evidence being necessary to establish such infirmity, has a right to invoke the aid of a court of equity to have the sheriff's deed annulled as a cloud on his title, and need not resort to ejectment. *Beedle v. Mead,* 81 Mo. 297; *Mason v. Black,* 87 Mo. 330; *Almony v. Hicks,* 3 Head [Tenn.] 39; *Donnelly v. Simonton,* 7 Minn. 167; *Hamilton v. Batlin,* 8 Minn. 403; *Bausman v. Kelley,* 36 N. W. Rep. 335; *Castle Co. v. State,* 4 S. W. Rep. 865; *Wallet v. Haskins,* 4 S. W. Rep. 596; *Thompson v. Locke,* 1 S. W. Rep. 112; *People v. Center,* 6 Pac. Rep. 481; *Lewis v. Soule,* 2 N. W. Rep. 400; *Blodget v. Blodget,* 42 How. Pr. [N. Y.] 19; *Lees v.*

*Wetmore*, 58 Iowa, 170; *Sale v. McLean*, 29 Ark. 612; *Redmond v. Packinham*, 66 Ill. 434. Where party out of possession has an equitable title, or where he holds the legal title under the circumstances that the law cannot furnish him full and complete relief, his resort to equity to have a cloud removed ought not to be questioned. 3 Pomeroy Eq., secs. 1333, 1399 and note 4; *Lennox v. Clark*, 52 Mo. 117; *Paris v. Haley*, 61 Mo. 462; Pomeroy's Remedies [1 Ed.] sec. 71; *Graham v. Hall*, 68 Ga. 354; *Phillips v. Evans*, 64 Mo. 23; Rorer on Judicial Sales, sec. 965. If plaintiffs should resort to proceedings at law, at their termination, he would still have to invoke the aid of equity, or else continue to have their title overcast by the judgment and conveyances thereunder remaining of record, and this is sufficient to show that the remedy at law is inadequate, whereas by this proceeding a multiplicity of suits may be avoided, and the obnoxious judgment and deeds may be completely neutralized. *Harrington v. Utterback*, 57 Mo. 521; *Boyce v. Grundy*, 3 Peters [U. S.] 215; *Asbury v. O'Dell*, 83 Mo. 267; *Marx v. Fore*, 51 Mo. 69.

BLACK, J.—This is a suit in equity to set aside a judgment rendered in the DeKalb circuit court, and to cancel a deed made by virtue of a sale under an execution issued upon that judgment. The court granted the prayer of the petition, and also set aside other deeds to subsequent purchasers.

The history of the title on the one side and the other, prior to the judgment and deeds which were set aside by the decree of the court, is as follows: The land in suit consists of one hundred and twenty acres in DeKalb county. Benjamin Graves owned this land, and other lands in Atchison county. He died a resident of the state of Kentucky, in the winter of 1873 and 1874, leaving a will whereby he devised these Missouri lands to the children of two deceased sisters. These devisees

resided in this state. The will was probated in that state in 1874, and a copy of the same and the probate thereof was recorded in the recorder's office of DeKalb county in 1884. The evidence shows that these devisees were also the heirs at law of the deceased. They commenced a suit for the partition of the land in both counties in the Atchison circuit court, which suit resulted in a judgment for the sale of the land. The sheriff of DeKalb county, under an order of sale, sold the one hundred and twenty acres to Samuel Cook and James Ewart. This sale was made in April, 1880, and the sheriff then executed a deed to each of the purchasers, and thereafter made report to the Atchison circuit court, but that court declined to approve the sale, and, on motion of the parties to the suit, set it aside. The purchasers had no notice of this motion. The land was again sold under an *alias* order, and John E. Burden became the purchaser, and he holds the title thus acquired in trust for the various parties to the partition suit. The defendants in this suit assert title under Cook and Ewart. The defendants also offered in evidence a tax deed to eighty acres of the land in question, dated in 1870, and in which James Ewart is the grantee. This deed was excluded by the court.

This brings us to the judgment and deeds, which were set aside by the decree in this case. In 1878, suit was instituted in the DeKalb circuit court, in the name of the state to the use of the collector against Benjamin F. Graves and James Ewart, to enforce the state's lien for taxes due on the one hundred and twenty acres for the years 1870 to 1876. Ewart was served with summons; and there was an order of publication as to Benjamin F. Graves, who had been dead for four or five years. John Pritchard became the purchaser of the land at a sale under an execution issued on this judgment. He conveyed to Crenshaw, who conveyed a part to Reece, and the residue to Samuel Cook, the same person

who was one of the purchasers at the first partition sale. The plaintiffs in this suit are Burden, and the various persons from whom he purchased the property at the second partition sale; and the defendants are Cook, Ewart, Pritchard and other persons holding under them.

The relief prayed for is asked upon the allegations that James Ewart had no title whatever to the land, that plaintiffs were not parties to the tax suit, and that Benjamin F. Graves, who was made a defendant and notified by publication only, was dead when the tax suit was commenced.

These suits to enforce the tax lien must, under the statute, be brought against the owner or owners of the property. Persons not made defendants are not affected by the judgment. We have repeatedly held that the purchaser at these sales acquires, and acquires only, the title and interest of the parties who are made defendants. *Powell v. Greenstreet*, 95 Mo. 14, and cas. cit.

Again, a judgment recovered in a suit begun and prosecuted against a dead man is void. *Bollinger v. Chouteau*, 20 Mo. 89; *Williams v. Hudson*, 93 Mo. 524; *Crosley v. Hutton*, 98 Mo. 196. Assuming, as alleged by plaintiffs, that James Ewart had no title to the land, then Pritchard acquired nothing by his purchase, for the judgment against Benjamin F. Graves is void, both at law and in equity.

We do not overlook the fact that the will of Graves had not been recorded in this state. Persons dealing with lands, located in this state, are not charged with constructive notice of a foreign will, until it is either proved anew in this state, or until a copy of the will and foreign probate is recorded here as permitted to be done by our statutes. *Keith v. Keith*, 97 Mo. 223. As to the rights of these defendants, Graves is to be deemed as having died intestate. But the heirs, who are the plaintiffs, were not made defendants, and the present

defendants can reap no advantage from the fact that the will was not recorded here.

The question then arises whether the plaintiffs are entitled to the relief granted them. It is not alleged that the judgment was procured by fraud. There is, indeed, no proof of any fraud in that behalf, and no relief can be granted on that ground. If the plaintiffs are entitled to have that judgment and deeds set aside, it is because they constitute a cloud upon their title. The plaintiffs are not in possession, nor is the land vacant. On the contrary it is in the adverse possession of some of the defendants. Since there is nothing on the face of the judgment to show that Benjamin F. Graves was dead, it will be taken as granted that, if the plaintiffs were in possession, they might have it and the deeds thereunder set aside, on the ground that they constitute a cloud upon the title. But whatever the law may be elsewhere, it is settled in this state that a party having the legal title to land, and being out of possession, cannot invoke equitable jurisdiction to remove a cloud on such title. This has been the steady ruling of this court for years, as will be seen by an examination of *Davis v. Sloan*, 95 Mo. 552 and the cases there cited. The rule, however, does not apply where the plaintiff has only an equitable title, and the legal title is in the defendant. *Mason v. Black*, 87 Mo. 329. The rule in most of the states is thus stated by Mr. Pomeroy:—When the estate or interest to be protected is equitable, the jurisdiction should be exercised whether the plaintiff is in or out of possession, for under these circumstances legal remedies are not possible; but, when the estate or interest is legal in its nature, the exercise of the jurisdiction depends upon the adequacy of the legal remedies. Thus, for example, a plaintiff out of possession, holding the legal title, will be left to his remedy by ejectment, under ordinary circumstances. 3 Pom. Eq. Jur., sec. 1399, note 4. In this case the plaintiffs' title is purely legal.

There is no obstacle in the way of prosecuting an action of ejectment, and, being out of possession, they are not entitled to the relief granted, though entitled to it if in possession.

We have endeavored to settle the rights of the parties in this suit, and to that end have examined the numerous questions made in the briefs, but we cannot disregard the established rule just stated. With this result we are not at liberty to express any opinion on the validity of the first partition sale.

The plaintiffs have misconceived their remedy.

The judgment must be and is reversed, and the petition dismissed. All concur.

## On Rehearing.

PER CURIAM.—The motion for hearing in this case is overruled, but on the suggestion of respondents, that they should be allowed to show possession of the land by them, the judgment dismissing the bill is set aside, and the judgment of the circuit court is reversed, and the cause remanded.