DUGGE v. STUMPE *et al.*, *Defendants, and* LEONHARD, *Plaintiff in Error.*

1. **Vendor's Lien**: SUIT TO ENFORCE: PARTIES. In a suit by the vendors of an undivided two-thirds interest in land to foreclose their vendor's lien, a person holding a deed of trust on the other undivided one-third interest is neither a necessary nor a proper party.

2. **Judgment.** A judgment is not binding upon one not a party to it.

*Error to Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Jno. R. Martin* for plaintiff in error.

*J. C. Kiskaddon* for defendants in error.

HOUGH, J.—It appears from the record that Edward Arcularius and Rudolph Johns, Jr., both minors, were tenants in common of an undivided two-thirds interest in certain real estate in Washington, Franklin county, and that C. F. E. Arcularius was the owner of the remaining third thereof. On the 30th day of June, 1868, Edward Arcularius and Rudolph Johns, Jr., by their guardians, sold

33—73

their undivided two-thirds to the defendants, Kirchmann and Godt. On the same day, C. F. E. Arcularius sold his undivided third to Kirchmann and Godt for $1,950, and executed a deed therefor which contained an acknowledgment of the receipt of the purchase money, and was filed for record July 8th, 1868. On the 30th day of June, 1868, Kirchmann and Godt executed to August Fischer, trustee, a trust deed of the undivided third conveyed by C. F. E. Arcularius, to secure three notes representing the unpaid purchase money, which deed was filed for record December 7th, 1868. On July 2nd, 1868, Kirchmann borrowed from the defendant, Emilie Leonhard $1,000, payable in two years, and to secure the same, executed a deed of trust on his undivided one-half of the entire property purchased by himself and Godt. This deed was filed for record July 8th, 1868. In March, 1871, Mary E. Stumpe became the owner of the notes secured by the deed of trust to Fischer. On May 17th, 1872, August Fischer and C. F. E. Arcularius executed and delivered to Arnold Godt a deed releasing his interest in the property sold by him to Kirchmann and Godt, from the trust deed executed by them to Fischer, as trustee, to secure the unpaid purchase money. On the 2nd day of December, 1872, judgment of foreclosure of the trust deed executed by Kirchmann to Emilie Leonhard was rendered in the circuit court of Franklin county; and on the 19th day of February, 1873, the property mortgaged was sold by the sheriff to Mrs. Leonhard, and a deed was duly executed and acknowledged for the same by the sheriff on the 18th day of December, 1873. On June 3rd, 1873, in an *ex parte* proceeding, instituted by Mary E. Stumpe, Arnold Godt, C. F. E. Arcularius and August Fischer, in the Franklin circuit court, a decree was rendered canceling the release executed by Arcularius and Fischer, on the ground of mistake.

In April, 1874, this suit was commenced by the guardians of Edward Arcularius and Rudolph Johns, Jr., against Kirchmann, Godt and Emilie Leonhard to foreclose a

vendor's lien upon the undivided two-thirds of the property sold by them. After the service of process, Mary E. Stumpe was, on her own motion and against the objections of the defendants, made a party defendant. The facts herein stated appeared in evidence, together with testimony tending to show that Emilie Leonhard took her trust deed from Kirchmann with notice of the trust deed previously executed by him and Godt to Fischer; and that the notes given by Kirchmann and Godt to Fischer, were paid before the release was executed. The court rendered a decree of foreclosure in favor of the plaintiffs, and also in favor of Mary E. Stumpe against Emilie Leonhard, foreclosing the trust deed on the one-third purchased by Kirchmann and Godt of C. F. E. Arcularius. From the decree in favor of Mary E. Stumpe the defendant, Emilie Leonhard, has appealed to this court.

Mary E. Stumpe was neither a necessary nor a proper party to this suit. She had no interest in common with 1. VENDOR'S LIEN: the plaintiffs, and no claim whatever to a suit to enforce: parties. vendor's lien on the property which the plaintiffs sought to subject to the satisfaction of their lien, and she had no right to come in and seek a foreclosure of her trust deed in that suit.

Mrs. Leonhard having bought under the judgment of foreclosure after the deed of release by Arcularius and 2. JUDGMENT. Fischer, was entitled to hold the interest of Kirchmann in the undivided third acquired from C. F. E. Arcularius, unless she had notice of the fact that such release had been executed by mistake, of which there is no evidence; and the judgment of the circuit court canceling this release, to which she was no party, was improperly admitted in evidence against her.

The judgment will be reversed and the cause remanded. The other judges concur.