The Union Mutual Fire Ins. Co. of Kent, Barry, and Ionia Counties v. Lewis Spaulding.

| 61 | 77 |
| 96 | 561 |
| 61 | 77 |
| 97 | 523 |
| 61 | 77 |
| 100 | 611 |

*Mutual fire insurance company—Organized under chap. 132, How. Stat.— Withdrawal of member and cancellation of policy on payment of proportion of all existing losses and assessments then levied—Relieved from liability for future assessments to cover losses arising from failure to collect assessments, or from any other cause—Such are not existing losses— Such withdrawal sanctioned by How. Stat. sec. 4254—If in good faith is not affected by possibility of future deficiencies.*

1. Where the charter and by-laws of a mutual fire insurance company organized under chapter 132, How. Stat., provided for the withdrawal of a member on surrender of his policy and payment of his proportion of all assessments to which the company was *then* liable, and a member paid his proportion of all *existing* losses and of all assessments *then* levied, and surrendered his policy,—

   *Held,* that losses *subsequently* sustained from failure to collect, or from any other cause, were not *existing* losses; that the member was clearly within the language of the charter and by-laws, and not liable for assessments made to cover such subsequent losses. (See opinion for charter and by-law provisions.)

2. The withdrawal of a member from a mutual fire insurance company organized under chapter 132, How. Stat., is sanctioned by recognitions in the statute (How. Stat. § 4254), and is an arrangement whereby the company discharges a member from his membership relations. While there may be circumstances which, by reason of fraud or serious error, might render such surrender inoperative, if made in good faith the possibility of after deficiencies cannot destroy such surrender.

Case made from Kent.   (Montgomery, J.)   Argued April 14–15, 1886.   Decided April 22, 1886.

Assumpsit.   Plaintiff assigns error.   Affirmed.   The facts are stated in the opinion.

*Harvey Joslin,* for appellant:

The payment by defendant of his proportion of the assessment of January 5, 1884, and marking the policy "canceled," did not release him from the payment of the assessment of November 13, 1884, for which suit is brought.   Section 15

of the by-laws does not determine this question, but section
13 of the charter must prevail. [See opinion for substance
of these sections.]

The *power* to forfeit or suspend and the mode of doing it
depend upon the charter, not the by-laws : *Olmstead v. Far-
mers' Mutual Fire Ins. Co.*, 50 Mich. 206.

But the by-law does not attempt to provide for the mode
of canceling the policy, nor for the withdrawal of members
or releasing them from liability ; and the effect of such can-
cellation while liabilities existed against the company would
be to exonerate the member from the payment of his pro-
portion of losses occurring *after* such cancellation, but he
would still be subject to an assessment for his proportion of
losses occurring while he was a member of the company,
including any deficiency of the assessment made during the
life of his policy.

It is a well-settled rule of law that where members of a
corporation bind themselves to prosecute some enterprise in
which all have an interest, the undertaking of each, though
a promise to the corporation, is also a promise to each other.
In such a case each promise supports the others, and no one
member can withdraw after others, in reliance upon his pro-
mise, have performed their part of the contract : *Underwood
v. Waldron*, 12 Mich. 73; *Comstock v. Howd*, 15 Id. 237 ;
*Baker v. Johnston*, 21 Id. 319 ; *Stevens v. Corbitt*, 33 Id. 458 ;
*M. M. & C. R. R. Co. v. Bacon*, 33 Id. 466 ; *Tower v.
Detroit, L. & L. M. R. R. Co.*, 34 Id. 328 ; *Conrad v. LaRue*,
52 Id. 83.

The principle of estoppel applies, and prevents the defend-
ant's release from his undertaking until the indebtedness of
the company which accrued while he was a member is fully
paid, and the language of Justice Graves in *Russell v. Berry*,
51 Mich. 291, is applicable. See, also, *Planters' Ins. Co. v.
Comfort*, 50 Miss. 662.

Neither the insolvency of a mutual fire insurance company,
nor the cancellation of a policy, deprives the company of the
right to assess upon the policy losses that accrued while the
policy-holder was a member: *Com. v. U. Ins. Co.*, 112 Mass.
116 ; *St. Louis Ins. Co. v. Boeckler*, 19 Mo. 135 ; *Wilson v.
Trumbull Ins. Co.*, 7 Harris, 372 ; May on Ins. 691 ; and
the cancellation of a policy has no effect in itself upon a right
of action previously accruing under the policy : *Baker v.
Citizens' Mut. Fire Ins. Co.*, 51 Mich. 243 ; and until the
payment of the policy-holder's *pro rata* share of the liability
which accrued while he was a member, the officers of the com-

pany have no power to release him.  Assured and insurer alike
are bound by the charter, and neither can do what it does
not authorize: *Rosenburg, Light & Co. v. Washington Mut.
Fire Ins. Co.*, 87 Penn. St. 207; or, to again quote Justice
Graves in *Russell v. Berry*, "responsibility is inseparable
from the status of an insured member.  The organic act makes
it so, and no kind of stipulation between the agents of the
company and the person who becomes insured can supersede
or impair it."

There can be no estoppel *in pais* in favor of one having
full knowledge of all the facts: *Lawrence v. Brown*, 5 N.
Y. 394; *Baker v. U. Life Ins. Co.*, 43 Id. 283; and defend-
ant was bound to know the financial condition of the plaint-
iff when he attempted to withdraw from it, and his liability
to pay his proportion of its liabilities.

*B. C. Girdler* and *Maher & Felker*, for defendant:

The surrender and cancellation of the policy dissolved
defendant's membership and released him from any claims,
whether on account of past or future losses: *Hyde v. Lynde*,
4 Comstock (N. Y.) 387; *Wadsworth v. Davis*, 13 Ohio St.
12.3; *Campbell v. Adams*, 38 Barbour (N. Y.) 132; *York
Co., M. F. Ins. Co. v. Turner*, 53 Me. 225.

The surrender and cancellation of the policy in pursuance
of an adjustment which the company is authorized to make
terminates the membership and liability: *Acker, Receiver, v.
Hite*, 10 Ins. L. J. (Penn.) 20; *Sands, Receiver, v. Hill*, 55
N. Y. 18; *Columbia Ins. Co. v. Buckly*, 83 Penn. St. 293;
*New Hampshire Ins. Co. v. Rand*, 24 N. H. 428; May on
Ins. 549–50.

The secretary had authority to make such adjustment and
cancel such policy, and the defendant had the right to with-
draw from the company (see section 13 of charter and 15 of
by-laws); and the company had a right to make such provision
in its charter and by-laws (How. Stat. § 4251); and such pro-
visions are also made binding on the company by Act 143,
Session Laws of 1885, p. 161.

CAMPBELL, C. J.  Defendant was sued as a member of the
Mutual Insurance Company, which is plaintiff, for the pro-
portion calculated according to his premium note on an assess-
ment.  He surrendered his policy May 1, 1884, and on that
day paid $100, which was his full proportion of the only
assessment then outstanding, and that assessment had been

called for $19,759.86, which covered all losses existing at the time it was made, and a further sum of $1,683.99 for estimated expenses and shortages.

In November, 1884, a deficiency of $3,791.98 remained unpaid on this assessment, in addition to a further loss claim of $1,094, and a new assessment of between $7,000 and $8,000 was made to provide for this deficiency. Defendant was notified, but refused to pay. Some questions arose upon the regularity of the assessments, but they are not important, as we consider the facts. Facts are fully found, and judgment was given below in favor of defendant on the merits.

The statute leaves the relations and liabilities of members to be governed by the charter in most respects. The charter of this company provides that any member may withdraw, on application to the secretary, by surrendering his policy, "and paying to the secretary his proportion of all assessments to which this company is liable at the time of withdrawal." The by-laws contain the same provision in slightly different words: "By paying his proportion of all assessments, if any, at the time of his withdrawal."

There can be no doubt on the findings that defendant did pay in full all that was his proportion of any existing losses of the company, as well as of any assessment levied. Whatever losses subsequently arose from failures to collect, or from any other cause, were not existing losses. He was very clearly, we think, within the language of the charter and by-laws.

The purpose of a surrender is undoubtedly to cut off all future relations between the parties. This subject was within the contemplation of every one when the charter was drawn and when defendant became insured. It is a customary and reasonable arrangement. There would be no object in providing for a surrender which would continue to be of no avail so long as any default might exist on the part of any other member. A complete collection of the assessment may never be made, and no one can ever tell, on such a condition, when his membership ceases.

There may be circumstances which, by reason of fraud or serious error, might render a surrender inoperative. But it

can never be presumed that serious deficiencies will arise in a well-managed company, and such a possibility cannot destroy a surrender in good faith.    That is an arrangement whereby the company discharges the member from his relations, and there is no legal objection to it.    The withdrawal of membership is directly sanctioned by recognitions in the statute under which plaintiff was organized : How. Stat. § 4254.

The New York court of appeals, in *Hyde v. Lynde*, 4 N. Y. 387, recognized the finality of such a surrender where it was afterwards ascertained that claims were good for previous contested losses which were not calculated in the terms of surrender.    It is there clearly explained that the purpose of the transaction is to put an end to all future liability, and that it should not be impeached unless for fraud or mistake.    We think the doctrine is fair and reasonable.

The court below was of this opinion..

The judgment must be affirmed, with costs.

SHERWOOD and CHAMPLIN, JJ., concurred.    MORSE, J., did not sit in this case.