THE IONIA, EATON & BARRY FARMERS' MUTUAL FIRE INSURANCE COMPANY v. WILLIAM B. OTTO.

[See 96 Mich. 558.]

*Mutual fire insurance companies—Liability for assessments.*

1. The case of *Wardle v. Townsend*, 75 Mich. 385, in no way impairs the force of *Insurance Co. v. Spaulding*, 61 Mich. 77, the questions involved not being the same.

2. After a discussion of the law of this case on a motion for rehearing, the Court see no reason for changing the view of the law as set forth in 96 Mich. 558, and the motion is denied.

Motion by plaintiff for rehearing of case reported in 96 Mich. 558. Submitted September 30, 1893. Denied November 17, 1893.

*Ellis, Nichols & Miller,* for motion.

*Huggett & Smith, contra.*

PER CURIAM. Upon a motion for rehearing counsel seek again to discuss the law of the case. 96 Mich. 558. The case of *Wardle v. Townsend,* 75 Mich. 385, in no way impairs the force of the case of *Union Mut. Fire Ins. Co. v. Spaulding,* 61 Mich. 77, the questions involved not being the same. We see no reason for changing our view of the law.

Counsel now attack the decision of this Court upon its understanding of the facts, reinforcing the findings of fact, which alone we can recognize, by the testimony given upon the trial. Had the circuit judge found as matter of fact that the assessments sued for were not for deficiencies, but for losses not previously covered by assessment, the testimony of Mr. Peake might properly be cited as justifying such finding; but the court adopted the stipulation as his findings of fact, only adding one finding thereto, and that one was that the stipulated facts were not changed by the testimony of Mr. Peake. We must look, then, to the stipulated facts.

As to the deficiency of 1887: The sixth section says that—

" In 1888 an assessment was duly ordered to pay the *losses and expenses* of the year 1887; that such assessment and the order therefor were duly signed by the secretary and chairman of the board of directors, as appears upon the assessment books."

Here there is a plain statement that the losses and

expenses for 1887 were assessed. If they were, and were collected, they ought not to be assessed again. If they were not collected, then the amount uncollected would be a deficiency arising from a failure to collect. Section 7 does not contradict section 6. It merely says that—

"The amount assessed and ordered to be assessed, and the amount realized from such assessment and from premium receipts, were insufficient, showing a deficiency of $3,748.95, unless otherwise changed by the testimony of J. Warren Peake."

As already shown, the judge found that his testimony did not change the facts as stipulated. Again, we are cited to section 18, where it is said that, in the assessment for losses and expenses of the year 1887 sued upon, $5.60 was assessed against defendant's policy, and that no assessment was made for losses that occurred prior to the issuing of said policy, or for losses or liabilities that occurred *for the business of said company* after the cancellation of said policy. There is nothing in this to contradict the statement that the losses and expenses for 1887 were assessed in 1888. If the recital of the fact was intended to imply it, it is entirely inadequate; while the statement that the policy was not assessed for any losses or liabilities that occurred *for the business of said company* after the cancellation, probably was not intended to mean that the deficiency of 1887 was not included. So the opinion might have said that it clearly appeared that the last assessment, so far as 1887 losses and expenses were concerned, was a reassessment for a failure to collect.

Counsel evidently misunderstood the opinion. They assert that the Court was in error in saying that the Van Alstine and Towle claims were assessed in 1890. The opinion clearly shows that these were not included in the assessment of January, 1890.

Counsel assert that there is nothing to show that the amount assessed to cover 1889 losses was for a failure to

collect.    An examination of the record shows that section 10 states that at a meeting of the board a two-mill assessment was ordered, *to cover the losses and expenses for 1889,* and that the secretary proceeded to levy such assessment, which was duly signed.    Section 12 states that it amounted to $12,228.33.    Section 15 states that a deficiency, under the assessment of 1890, of $5,730.63, existed.    Hence the opinion said that the assessment of 1892 consisted of (1) the Van Alstine loss; (2) the Towle loss; (3) the deficiency arising from failure to collect the amount assessed in 1890. These were all included in the sum of $14,627.83, from which receipts to the amount of $8,897.20 were deducted to obtain the deficiency of $5,730.63 mentioned.    See section 14.    That they were subsequently assessed, see section 17.

It follows from the view taken in the opinion filed that the defendant was liable to assessment only upon the Towle and Van Alstine claims, and that for the deficiency arising from a failure to collect the assessments of 1888 and 1890 he was not legally assessed.

It is now claimed that the judgment should not have been reversed, because the stipulated facts (section 23) say:

"That the said defendant has never paid the deficiency assessed against him for the year 1888, and for the year 1890; that there is now due, if anything is due, with interest thereon, and for the penalty thereto attached, for the non-payment of which the said defendant has been assessed under and by virtue of the charter and by-laws of said company, the sum of $15.82, with interest from date of trial in justice's court at rate of six per cent."

It is contended that, as the defendant was liable to assessment for the Towle and Van Alstine losses, the stipulation saves the judgment.    We cannot accede to that view.    Section 23 shows that defendant was contesting these assessments, which, as made, he was under no obli-

gation to pay. We cannot suppose that he had the means of determining how much he should pay, and certainly the record does not show what amount he ought to pay as his share of the Towle and Van Alstine losses. It would require an assessment to ascertain. Whether that would be a proper matter to make a part of a trial we need not inquire. It is enough to say that it was not done.

The motion for rehearing must be denied, with costs.