B. F. LANGWORTHY, Receiver, Etc., Appellant, v. THE
SAXONY MILLS, Respondent.

**St. Louis Court of Appeals, November 23, 1897.**

**Insurance, Mutual Fire:** CANCELLATION OF POLICY AND SURRENDER
OF PREMIUM NOTE: SUBSEQUENT ASSESSMENT BY ORDER OF COURT,
WITHOUT NOTICE. In a suit to recover an assessment, made by order
of the circuit court of Cook county, Illinois, on a mutual fire policy,
making the assured a member of the company, and reciting that a
premium note had been given upon issuing the policy, and that the
policy might be canceled at any time by either party, in which case
the note should be returned, upon the payment by assured of all
losses, where, previous to the proceedings in which said order was
made, said policy was canceled by the company and the note returned,
and the assessment was for losses by the company before the cancel-
lation of the policy, but assured was not made a party to such pro-
ceeding,—*Held:* That upon the cancellation of the policy, and sur-
render to assured of its premium note, it was no longer a member of
the company, and not having been made a party thereto, was not
bound by the decree of the Illinois court.

*Appeal from the St. Louis City ʹCircuit Court.*—HON.
PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*C. W. Greenfield* and *M. W. Huff* for appellant.

The proceedings and decree making the assessment
can not be attacked collaterally. 1 Stair & Curtis, Ill.
Stat. 1353; *Ins. Co. v. Langley*, 62 Mo. 211; *Hawkins
v. Glenn*, 131 U. S. 319; *Rand, McNally & Co. v. Ins.
Co.*, 58 Ill. App. 528; High on Rec., sec. 203; *Parker
v. Mill Co.*, 64 N. W. Nep. 751; *Telegraph Co. v. Purdy*,
16 Sup. Ct. Rep. 811, 162 U. S. 329; *Parker v. Pa-
per Co.*, Ohio Law Jour. No. 9; *In re Insurance Co.*, 36
Atl. Rep. 930; *Langworthy v. Lumber Co.*, 14 Nat. Corp.
Rep. 212; *Ins. Co. v. Furniture Co.*, 66 N. W. Rep.

1095; *Lumber Co. v. Ins. Co.*, 66 Ill. App. 254; *Mallen v. Langworthy*, Ill. App., June 14, 1897; *Morris v. Ins. Co.*, 63 Minn. 420; *Taylor v. Ins. Co.*, 46 *Id.* 198; *M. F. I. Co. v. Boggs*, 33 Atl. Rep. 349; *Eichman v. Hersker*, *Id.* 229; *Telegraph Co. v. Gray*, 122 Ill. 630; *Ward v. Farwell*, 97 Ill. 593; *Glenn v. Leggett*, 135 U. S. 533; *Sawyer v. Upton*, 91 *Id.* 56; *Smith v. Hopkins*, 38 Pac. Rep. 854.

The decree levying the assessment is entitled to the same faith and credit in every state that is given it in the state of Illinois. *Mills v. Dwyer*, 7 Cranch, 481; *Christmas v. Russell*, 5 Wall. 290; *Green v. Van Buskirk*, 7 *Id.* 139; *Parker v. Mill., supra; Hanley v. Donoyhue*, 116 U. S. 4; *Holt v. Johnson*, 50 Mo. App. 373; *Griggs v. Becker*, 58 N. W. Rep. 396; *Leep v. R'y Co.*, 25 S. W. Rep. 75; *Brown v. Parker*, 28 Wis. 27; *Cole v. Cunningham*, 133 U. S. 111; *Ins. Co. v. Fur. Co.*, 66 N. W. Rep. 1095; *Glenn v. Marbury*, 145 U. S. 499, 506.

Comity will enable a receiver appointed by a foreign court to maintain a suit. *Parker v. Mill Co.*, 64 N. W. Rep. 751; *Runk v. St. John*, 29 Barb. 585; *Sobernheimer v. Wheeler*, 45 N. J. Eq. 614; *Bidlock v. Mason*, 11 C. E. Green (N. J), 230; *Comstock v. Frederickson*, 51 Minn. 351; *Boulware v. Davis*, 90 Ala. 212; *Ins. Co. v. Wright*, 55 Vt. 526; *Bank v. McLeod*, 38 Ohio St. 174; *Falk v. Jones*, 49 N. J. Eq. 484; *In re Waite, Assignee*, 99 N. Y. 433; *Bagby v. R. R.*, 86 Pa. St. 291; *Metzner v. Bauer*, 98 Ind. 427; *Woodward v. Brooks*, 128 Ill. 222; *Toronto Gen. T. Co. v. R. R.*, 123 N. Y. 37; *Bacon v. Horn*, 123 Pa. St. 452.

The cancellation of the policy and return of the premium note do not affect the liability of the members to pay the assessment. *Ins. Co. v. Merrill*, 59 N. W. Rep. 662; *Ins. Co. v. Otto*, 56 *Id.* 88; *Ins. Co. v. Spaulding*, 61 Mich. 80; *Tolford v. Church*, 66 Mich. 440; *Hyde v. Lynde*, 4 N. Y. 387; *Davis v. Sharpe*, 2

West. Law Monthly, 40; *Swing v. Labor Co.*, 64 N. Y. 97; *Farwell v. Parker*, 59 Ill. App. 43; *Mallen v. Langworthy, supra.*

*B. Schnurmacher* for respondent.

Defendant not being a member of the Mutual Fire Insurance Company when the receivership proceedings were instituted or progressed, the decree therein rendered was not binding upon defendant, even though the insurance company defendant might still continue liable to creditors. *Dugge v. Stumpf*, 73 Mo. 513; *Graves v. Ewart*, 99 *Id.* 13; *Wilson v. R. R.*, 108 *Id.* 588.

A foreign receiver can not maintain suit beyond the jurisdiction of the court appointing him. Kerr on Rec. 168, note, and 207, note; High on Rec., sec. 47; *Ins. Co. v. Needles*, 52 Mo. 17; *Glenn v. Hunt*, 120 *Id.* 230; *Robertson v. Staed*, 135 *Id.* 135.

That a judgment is not binding upon one not a party to it, is elementary. *Dugge v. Stumpf, Graves v. Ewart*, and *Wilson v. R. R.*, *supra.*

BLAND, P. J.—We are indebted to appellant's counsel for the following clear and concise statement of the facts in this case, taken from their printed statement:

"This suit was begun in the St. Louis circuit court to recover from respondent an assessment alleged to have been made by order of the chancery side of the circuit court of Cook county, Illinois. The facts as developed in evidence showed that the Mutual Fire Insurance Company was doing business in Illinois under a charter from that state, and was duly licensed by the Insurance Department to transact business in Missouri. That in June, 1886, the said company issued its policy to respondent insuring certain property in St.

Louis for five years, and a cash premium was paid by the assured upon the issuing of the policy, and in addition to the cash premium, a premium or deposit note was given by the assured for five times the amount of one annual premium, payable at such times and in such amounts as the board of directors might from time to time assess; and in addition to this, one cash annual premium was paid each year upon the anniversary of the policy while the policy continued in force. The policy also contained a provision that the assured had become a member of the company, and recited the fact that a deposit note had been given by the assured in addition to the cash premium paid upon the issuing of the policy, and that the policy might be canceled at any time by either party under certain regulations prescribed, and that in case of cancellation the premium note should be returned upon the payment of all assessments by the assured; and in case the cash payment already made exceeded all proper charges, the excess should be refunded.

"The Illinois legislature of 1888 and 1889 passed a new act with reference to the business of mutual insurance companies and the legislatures of many other states in which this company was doing business enacted similar laws at the same time and, in anticipation of the change of law in Illinois and other states the New York standard form of policy was adopted by the company on the first of January, 1889, and in the month of August, 1889, after the new laws had taken effect, the company rewrote this, and all its outstanding mutual policies upon the new form of policy.

"The new form was accepted by the respondent, and so much of it as is pertinent to the case is found in the record.

"The new policy contained provisions with reference to cancellation, etc., similar to those contained

in the former policy, and it also contained a provision to the effect that the insured thereby became a member of the company, and agreed to pay annually the cash premium therein specified, and in addition thereto such sum or sums, in no event to exceed in the aggregate five times the amount of said annual premium, and at such time or times and in such manner as the board of directors might order or assess.

"In the month of December, 1889, an assessment of ten per cent was levied by the board of directors upon all the premium or deposit notes of the company, which was the only assessment ever made by the directors of the company.

"In October, 1890, the auditor of public accounts of the state of Illinois, in making a periodical examination of the condition of the insurance company, as required by the statute of the state of Illinois, ascertained that the assets of the company had been so impaired that the company was insolvent, and not in a condition to proceed further with its business, and he thereupon gave notice to the proper officers of the company, as is required by the statute, that unless such impairment was made good within thirty days, suit would be instituted under the statute for the purpose of winding up the company. On the twelfth day of November, 1890, the company having failed to make good said impairment, the auditor, in pursuance of the provisions of the statute of Illinois, filed a petition in the circuit court of Cook county, and upon the chancery side thereof, setting forth the above facts, and asked to have a receiver appointed to take possession of the assets of the company, pay its liabilities, etc. The insurance company and all its officers were made parties defendant, were duly served with process, and the company, by its attorney, came in and filed its appearance, and afterward an answer, and subse-

quently on or about the twenty-first day of February, 1891, a hearing was had in said cause, and a decree was thereupon entered, in which the court found the allegations of the petition to be true, and which also enjoined the company from proceeding with its business, and appointed Thomas Parker, Jr., receiver, and referred the cause to a special master in chancery to take proofs, etc.

"Subsequently a petition was filed in the cause by the receiver, setting forth the amount of the assets of the company which had come to his hands, other than premium notes, and also the amount of the premium notes; and the said insurance company was brought in by due process, and by its attorney filed its answer to said petition. The petition was then referred to said master in chancery to take proof, in order to ascertain what assessment, if any, upon the said premium or deposit notes would be necessary in order to pay the liabilities of the company, and to report the same to the court. Afterward a full hearing was had before the master, and the master thereupon made his report, recommending an assessment of sixty-five per cent upon the premium note and membership liability of all the members of the said insurance company, to which report exceptions were filed by counsel for the insurance company. Afterward said report and exceptions came on for hearing before the court, and on the third of July, 1891, a decree was entered levying an assessment of sixty-five per cent upon the premium note and membership liability of all the members of the company, directed the receiver to give notice thereof to the members, and also directed the receiver to bring suit to collect said assessment unless the same was paid within thirty days from the giving of such notice. The decree referred to certain schedules which were attached to the master's report and made a part

thereof, and which fixed in dollars and cents the amount to be assessed each member and policy holder in the company by name, and the decree by its terms fixed the amount of the assessment against each member and policy holder, as stated and set forth in said schedule. This schedule contains the name of the respondent, and the amount of assessment levied against it.''

The evidence also shows that the respondent was duly notified of the assessment and that demand was made.

The evidence also showed that on the anniversary of the policy in 1890 it was sent to the company by respondent, and ordered canceled, and that the company wrote across its face, ''canceled at anniversary,'' but further, that the assessment against respondent was for losses suffered by the company before. the policy was canceled.

This was all the evidence. The court decided the case (a jury being waived) against plaintiff, who, after his motion for a new trial had been overruled, brings the case here on appeal.

The respondent was not a party to the proceedings had in the circuit court of Cook county, Illinois. He had no notice thereof, and is not bound by the judgment and decree of that court ordering an assessment against him, unless it can be said that it was yet a member of the corporation, notwithstanding the fact that its policy had been canceled and its deposit note had been surrendered up, before any action had been taken to investigate the insurance company or to declare it insolvent. In the case of *Mallen v. Langworthy, Receiver*, the court of appeals of the state of Illinois, for the ―――― district, the court in a case arising upon the proceedings of the Cook county circuit court and involving the same judgment and decree

that are relied upon in this case, uses this language: "While the cancellation of a policy of mutual insurance ends the liability of the policy holder as to further losses and expenses of the company, the relation of the assured to the insurance company still remains for the purpose of assessment for prior losses and expenses of the company until the liability of the assured to the extent of his premium or deposit note had been discharged." It does not appear that the deposit note in that case had been surrendered to the policy holder, and from the language of the opinion it is fair to assume that the deposit note was left in the hands of the insurance company when the policy was canceled, and hence no settlement of the losses and expenses for which the policy holder was liable was made, but that the ascertainment and settlement of such losses and expenses were left for future settlement. Upon this hypothesis the opinion of the court of appeals is consistent with reason and justice, and is supported by authority. *Hawkins v. Glenn*, 131 U. S. 319; *Parker v. Stoughton Mill Co.*, 64 N. W. Rep. 751; *Ins. Co. v. Merrill*, 59 N. W. Rep. 662; *Ins. Co. v. Otto*, 56 N. W. Rep. 88. In the case at bar, as is shown by the decree of the Cook county circuit court, the deposit note of the respondent was surrendered to respondent when the policy was canceled. When this was done (the cancellation of the policy and surrender of the deposit note), the amount to be paid by the respondent on account of previous losses and expenses was a subject of adjustment, or at least presumably so, between the Saxony Mills Company and the insurance company, and when this adjustment was made, it was binding upon the insurance company, and equally binding upon the receiver, and could not be set aside except for fraud or mistake. *Hyde v. Lind*, 4 N. Y. 387; *Ins. Co. v. Spaulding*, 61 Mich. 77. Upon the

cancellation of the policy and the surrender to it of its deposit note, the Saxony Mills was no longer a member of the company, and is not bound by the decree of the Chicago court, not being a party thereto. *Dugge v. Stumpf*, 73 Mo. 513; *Graves v. Ewart*, 99 Mo. 13; *Wilson v. Railroad*, 108 Mo. 588. This view of that judgment and decree disposes of the appeal and calls for an affirmance of the judgment of the lower court. Other interesting questions arising upon the record were ably discussed on the argument, and are elaborately briefed, but as their discussion is not necessary to our disposition of the appeal, we refrain from going into them. Judgment affirmed.