THE STATE ex; rel. FLOYD E. JACOBS, Administrator of Estate of EKATERINE STRUMPOPULOS, v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

Division One, July 30, 1925.

1. **CERTIORARI: New Suit.** *Certiorari* is a new, distinct and separate action or proceeding, and not 'a continuation of the original suit or action between the original parties, although the writ is issued at the relation of one of them.

2. ————: **Death of Relator: Before Issuance of Writ: Abatement.** A judgment in a suit begun and prosecuted by or against a dead man is a nullity. Where the relator in *certiorari* directed to the Court of Appeals was dead at the time the application for the writ was filed in this court, the action or proceeding abates, and does not survive, and cannot be revived in the name of relator's legal representative.

Corpus Juris-Cyc. References: Abatement and Revival, 1 C. J., Section 188, p. 120, n. 16; Section 281, p. 165, n. 40. Certiorari, 11 C. J., Section 1, p. 88, n. 2; Section 2, p. 89, n. 17; Section 5, p. 89. n. 27; Section 12, p. 90, n. 43; Section 78, p. 128, n. 3; Section 116, p. 141, n. 88; Section 119, p. 142, n. 7; Section 141, p. 149, n. 5. Judgments, 33 C. J., Section 62, p. 1107, n. 66.

*Certiorari.*

WRIT QUASHED.

*L. A. Laughlin* for relator.

*Wm. G. Butts* and *Leonard Ulmann* for respondents.

SEDDON, C.—*Certiorari* to the Kansas City Court of Appeals. Petition for the extraordinary writ was filed in this court on February 20, 1924. The petition is signed by Ekaterine Strumpopulos, petitioner, by her attorney and is duly verified by the attorney. The writ of *certiorari* was issued by this court on March 22, 1924, commanding the respondent Judges of the Kansas City

Court of Appeals to certify to this court on April 21, 1924, a full, true and complete transcript of the record and proceedings in the cause of Constantenos D. Strumpopulos, Appellant, v. Ekaterine Strumpopulos, Respondent, No. 14780 in said Court of Appeals, in order that this court may adjudicate upon the regularity of the said proceedings, and make such other and further orders in said cause as right and justice may require. Pursuant to the mandate of our writ, the respondents filed herein on March 31, 1924, a full, true and complete transcript of the record and proceedings in said cause. The transcript thus filed includes the opinion of the Kansas City Court of Appeals, which constitutes the record in this court. The opinion of the Kansas City Court of Appeals discloses that Constantenos D. Strumpopulos, plaintiff, on November 2, 1917, filed a petition for divorce against Ekaterine Strumpopulos, defendant, in the Circuit Court of Jackson County, at Kansas City, and obtained service on defendant by publication. On April 30, 1918, defendant not appearing, a decree of divorce was rendered by said circuit court in favor of plaintiff. On March 28, 1922, defendant, Ekaterine Strumpopulos, filed in said circuit court her motion to modify the decree of divorce, alleging that she was married to plaintiff on October 14, 1905, in Greece; that a daughter was born to them in the early part of the year 1907; that in September, 1907, plaintiff left defendant and his infant daughter and came to America; that since that time plaintiff has contributed nothing to the support of his wife and daughter. The circuit court sustained the defendant's motion to modify the decree, and awarded defendant $40 per month for the support and maintenance of the daughter, and $100 for attorney's fees. Plaintiff appealed from the action of said circuit court, and the Kansas City Court of Appeals reversed the judgment *nisi*. The respondent (defendant *nisi*), Ekaterine Strumpopulos, in due time filed her motion for rehearing in the Kansas City Court of Appeals, which motion was over-

ruled and denied by that court on February 11, 1924, resulting in her application for our writ of *certiorari* on February 20, 1924.

On July 30, 1924, respondents to our writ and Constantenos D. Strumpopulos filed in this court the suggestion of death of said Ekaterine Strumpopulos in Tripolis, Greece, on August 7, 1923, with certificate of death attached, and a motion to dismiss petitioner's application and to vacate our order granting the writ of *certiorari*. On August 9, 1924, petitioner's attorney filed herein the suggestion of petitioner's death on August 7, 1923, and informing this court that Floyd E. Jacobs, Public Administrator of Jackson County, had been appointed administrator of her estate by the probate court of said county. On the same day, August 9, 1924, Floyd E. Jacobs, administrator of the estate of Ekaterine Strumpopulos, deceased, filed herein his petition for revival asking that this *certiorari* proceeding be revived in his name as such administrator. On September 10, 1924, this court entered an order sustaining the motion of Floyd E. Jacobs and ordering that "the said Floyd E. Jacobs be substituted as party relator, unless the respondents, on or before the fourth day of the next term of this court, show good cause to the contrary." This court, by said order, also commanded that summons be issued directed to respondents to be and appear herein on or before the fourth day of the next term of this court and show cause, if any they have, why the order of substitution should not be made final, and this proceeding was continued to the April term, 1925, of this court. Pursuant to said order, summons issued from this court on September 18, 1924, requiring respondents to appear herein on or before the fourth day of the October term, 1924, to show cause why this proceeding should not be revived in the name of Floyd E. Jacobs, administrator of the estate of Ekaterine Strumpopulos, deceased. Service of said summons was duly acknowledged on September 19, 1924, by respondents and in due time, on October 15, 1924, respondents filed herein their an-

swer to the petition of revivor, asking that the petition and our writ of *certiorari* herein be dismissed for the reasons that the original petitioner, or relator, was deceased on February 20, 1924, when the petition or application for our writ was filed, and, said action does not survive. The answer of respondents has been taken and considered by us with the main proceeding. On April 17, 1925, Constantenos D. Strumpopulos filed herein the suggestion of the death of Kyriakoula Strumpopulos, the infant daughter, in Tripoli, Greece, on December 25, 1924, duly verified as true by affidavit. Counsel for relator has neither denied nor questioned the truth of this fact. So much for the record here and the facts as shown by that record.

It will be seen from the foregoing that an unusual and anomalous situation confronts us. Unbeknown to court or counsel, Ekaterine Strumpopulos had died on August 7, 1923, while the cause in which she was the party respondent was pending in the Kansas City Court of Appeals and before that cause had been docketed or set down for argument in said court, which was done at the October term, 1923, thereof. No suggestion of her death was made at any time in the Court of Appeals and, ignorant of her death, that court on January 21, 1924, proceeded to render judgment against her, reversing by its opinion and judgment, the order of the Circuit Court of Jackson County. Motion for rehearing was filed in the name and behalf of the deceased party, duly overruled by the Court of Appeals, and this court petitioned in her name and behalf to issue our writ of *certiorari*. It was not until July 30, 1924, some five months after we had acted upon her petition and issued our writ and the cause pending in the Court of Appeals had resulted in judgment against deceased, that the death of relator was called to our attention. Respondents therefore contend that our writ of *certiorari* must be quashed, because, at the time the writ was sued out of this court, there was no living relator or petitioner. In ruling this contention, it becomes necessary for us to .

determine whether the *certiorari* proceeding instituted in this court by a deceased relator or petitioner, is a new, distinct and separate action or proceeding, or whether it is merely a continuation, for the purpose of review, of the suit or action originally instituted in the circuit court while Ekaterine Strumpopulos was living and thence carried by appeal to the Kansas City Court of Appeals. That the *certiorari* proceeding instituted in this court is a new, separate and distinct action or proceeding, there is no doubt in our minds.

In 11 Corpus Juris, 90, it is said: ''A proceeding by *certiorari* is not a mere application in an action or other remedy, but a remedy itself. In the common-law states, it is classified as an action. In the code states, where proceedings are divided into actions and special proceedings, it is held a special proceeding in Iowa and New York. In Wisconsin, however, it is held that, while, strictly speaking, a *certiorari proceeding* is not an action, it is an action rather than a special proceeding, on the theory that the writ is the commencement of a proceeding independent of that to be reviewed, and that the procedure therein is necessarily assimilated to that of actions, strictly so-called, rather than to that of special proceedings. So, in Washington, an application for a writ of *certiorari* has been held an action, so as to be within a statute relating to costs.'' [State v. Spokane County, 40 Wash. 453.]

Under our procedure the office of the writ of *certiorari* is the same as at common law and our courts may properly adopt the usages and principles applicable to the issuance of the writ as the same may have been developed under the common-law system, consistent, of course, with the letter and spirit of existing statutes. [State ex rel. v. Wurdeman, 254 Mo. 561; State ex rel. v. Goodrich, 257 Mo. 40.] While one of the purposes of the writ is that of review, it should not ordinarily be used as a substitute for an appeal or writ of error. [State ex rel. v. Goodrich, 257 Mo. 40.] Furthermore,

it is a discretionary writ and not a writ of right (State ex rel. v. Henderson, 160 Mo. 190); and an application must be made for the writ. In 11 Corpus Juris, 149, it is said: "Except when sued out by the sovereign power, or in particular proceedings where the local practice is to the contrary, *certiorari* will not issue of course, but an application by petition, affidavit, or other mode prescribed, showing prima-facie a case for relief, is prerequisite to its issue." Then again, there must also be a party or parties defendant. 2 Spelling on Extraordinary Remedies (2 Ed.) sec. 1984, says: "As a general rule, a writ of *certiorari* should be directed to the person or body having legal custody of the record to be certified."

From all of which, it will be seen that, like the ordinary suit or action, the proceeding in *certiorari* is commenced by the filing of a petition or application in the proper court, and the writ issues from that court directed to named parties defendant or respondent. And so in this particular instance, a petition was filed by a named relator, Ekaterine Strumpopulos, and our writ issued to the named respondents, Judges of the Kansas City Court of Appeals. The parties to this proceeding are not the same as the parties to the cause, or action, determined by the Court of Appeals. The proceeding herein is a new, distinct and separate action or proceeding. It is, therefore, not a continuation of the original suit or action between Constantenos D. Strumpopulos, as plaintiff and appellant, and Ekaterine Strumpopulos, defendant and respondent.

It appearing, therefore, that the nominal petitioner or relator in this proceeding was dead at the time of its commencement in this court, must our writ be quashed? Or, may the administrator of the estate of the nominal deceased relator be substituted as relator herein and the proceeding revived in his name?

In 1 Corpus Juris, 120, it is said: "If the nominal plaintiff in an action was dead at the time of its com-

mencement this is ground for abatement, unless there is a statutory provision to the contrary."

In 1 Freeman on Judgments (5 Ed.) page 884, sec. 406, it is said: "That there should, at some time during its progress, be living parties to both sides of an action we think indispensable; and that no sort of jurisdiction can be obtained against one who was dead when suit was commenced against him as a defendant, or in his name as plaintiff; and that no judicial record can be made which will estop those claiming under him from showing that he died before the action was begun; and that a judgment for or against him must necessarily be void."

It is well settled in this State that judgment in a suit begun and prosecuted against a dead man, is void as to him and those claiming under him. [Crosley v. Hutton, 98 Mo. 196; Williams v. Hudson, 93 Mo. 524; Bollinger v. Chouteau, 20 Mo. 89; Graves v. Ewart, 99 Mo. 13.]

In Humphreys v. Irvine, 14 Miss. l. c. 207, that court said: "A judgment for or against a dead man is usually a nullity. Our statute directs that the death of the nominal plaintiff during the pendency of the suit, shall not cause its abatement. This constitutes perhaps the only exception. But this cannot be construed to authorize the commencement of a suit in the name of a person no longer in existence. It matters not at what time the fact of the death of a party is made known to the court; nor in what form. The objection rises above the mere technical rules of pleading, and goes to the right of the court to proceed. It stops the cause at whatever stage it may be, whenever made known to the court." In Kerr v. Hays, 9 La. Ann. 241, the Supreme Court of Louisiana dismissed an appeal for the reason that it appeared that the nominal plaintiff and appellant in a suit was dead at the time of its institution.

The Supreme Court of Kansas, in Green v. Mc-Murtry, 20 Kan. l. c. 193, aptly states the matter thus: "There must always be two parties to a lawsuit—a plaintiff, and a defendant. No action can exist without such

parties. A plaintiff voluntarily makes himself such by commencing the action. A defendant, unless he voluntarily appears, can be made such party only by the service of a summons upon him; and until the service of the summons, no action exists. The service is a jurisdictional matter. But suppose before any defendant is created, the plaintiff dies: then can a defendant be created with no plaintiff in existence? Can there be a defendant in an action without a plaintiff? Such a thing would seem to be absurd. When the plaintiff in a contemplated action dies, the power to make a defendant in that action dies with him. And any attempt to make a defendant in that action—*in that plaintiff's action*—is futile and ridiculous. . . . In some cases, *after jurisdiction has been obtained,* and some particular proceeding has been commenced before the death of either party, such particular proceeding may be carried on to completion after the death of one or both of the parties, the whole thing relating back to the time of the commencement of the proceeding. . . . And we know of no case where it has been held that a defendant may be made to an action where there is, at the time, no plaintiff.''

It appears clear to us that this court had no power to issue the writ, there being no living relator or petitioner at the time the writ was applied for and issued to give it birth, unless we can breathe life into a proceeding which was dead from its very inception, by substituting 'the deceased's personal representative as relator herein. But how can a proceeding which was never born and never had any life or existence be made to live by substituting as a party the personal representative of a parent which never gave it birth? That is a miracle which this court, broad as its superintending control over inferior courts may be under our Constitution, has not the power to perform. If the application for the writ cannot be filed by a person who is dead at the time of its filing, then most assuredly the proceeding dependent upon the filing of the application cannot be revived in the

name of some other person, even though he be the personal representative of the deceased nominal relator. It follows, for the reasons afore stated, that our writ of *certiorari* was improvidently issued and the writ is accordingly quashed. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., is hereby adopted as the opinion of the court. *Ragland, P. J., Graves* and *Atwood, JJ.,* concur.