STATE ex rel. SOUTHWESTERN BELL
TELEPHONE, Relator,

v.

The Honorable Thomas J. BROWN,
III, Respondent,

Comptel of Missouri, MCI Telecommuni-
cations Corp., & AT & T,
Intervenor–Respondents.

No. 72354.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1990.

Rehearing Denied Oct. 16, 1990.

T. Michael Payne, Leo Eickhoff, Jr., Pau-
la Fulks, Katherine C. Swaller, St. Louis,
for relator.

Leland B. Curtis, Carl J. Lumley, C.K.
Casteel, Jr., Edward J. Cadieux, St. Louis,
for MCI.

Jack W.R. Headley, Wm. Ray Price, Jr.,
Paul S. DeFord, W. Richard Morris, Kan-
sas City, for AT & T.

ORIGINAL PROCEEDING IN
PROHIBITION

ROBERTSON, Judge.

Relator, Southwestern Bell Telephone
Company (Bell), filed an original action in
prohibition in the Court of Appeals, West-
ern District, seeking to prohibit respondent
trial judge from retaining jurisdiction over
a writ of review of an order of the Public
Service Commission (PSC) filed by Bell in
the circuit court and voluntarily dismissed
by Bell, the PSC and the Office of Public
Counsel. The court of appeals issued its
preliminary rule in prohibition; following a
hearing, however, that court quashed its
preliminary rule. A dissenting judge certi-
fied the case to this Court, citing a conflict
with *State ex rel. McMullin v. Satz*, 759
S.W.2d 839 (Mo. banc 1988). We have jur-
isdiction. Mo. Const. art. V, § 10. For
purposes of review, we treat the prelimi-
nary rule issued by the court of appeals as
our own. That preliminary rule is quashed.

I.

On June 20, 1989, the PSC ordered Bell
to reduce its rates by $101,232,000, annual-

ly. Bell and the Public Counsel petitioned the circuit court for a writ of review of the PSC order pursuant to Section 386.510, RSMo 1986. The parties also moved the circuit court for a stay under Section 386.-520, RSMo 1986. Several parties to the proceeding before the PSC, Comptel of Missouri (Comptel), AT & T Communications of the Southwest, Inc. (AT & T) and MCI Telecommunications Corporation (MCI), sought leave and were permitted to intervene before the circuit court.

On September 5, 1989, the circuit court issued its stay order. This stay required Bell, *inter alia*, to post a $10,000 bond and to pay into the court registry "such sums as it may collect from and after the date of the entry of this Order which it would not have been entitled to collect but for this stay."

On September 25, 1989, Bell, the Public Counsel and the PSC entered a settlement agreement which purported to change the annual rate reduction ordered by the PSC from $101,323,000 to $82,019,000. The settlement also purported to change the persons to whom refunds were due under the rate reduction plan of the original PSC order. After execution of the agreement, Bell and the Public Counsel moved voluntarily to dismiss the writ of review. On September 26, 1989, the circuit court dismissed the writ of review with prejudice. The order provided:

1. The petitions for review filed by Relators Southwestern Bell and Public Counsel are dismissed with prejudice pursuant to the terms of the Settlement Agreement reached by the parties, attached hereto.

2. The stay entered by the Court pursuant to its Order of September 5, 1989, is dissolved so that the parties may implement the terms of their Settlement Agreement.

3. Southwestern Bell is released from its $10,000 bond posted by Southwestern Bell pursuant to the Court's September 5, 1989 Order.

Upon learning of the dismissal, MCI, AT & T, and Comptel moved the circuit court "to correct its Order dismissing this pro-ceeding," to show that the dismissal did not "approve, ratify, or condone the non-unanimous Settlement Agreement ... nor otherwise modify the Report and Order issued by the Missouri Public Service Commission on June 20, 1989." The motion further asked the court to make the dissolution of the stay and the release of Bell's bond contingent on Bell "refunding all sums of money which it collected for services rendered during the period July 1, 1989 through ... September 30, 1989 ... in excess of the charges fixed by the ... Commission's June 20, 1989 Report and Order."

On October 24, 1989, twenty-nine days after his order of dismissal, respondent ordered:

1. The Court's September 26, 1989, Order merely acknowledged that the Petitions for Writ of Review had been dismissed, and did not in any respect approve, ratify or condone the settlement agreement referenced therein. The lawfulness of any tariffs, rates or rate design, other than those ordered by the Public Service Commission's June 20, 1989, Report and Order, are not now before this Court.

2. To the extent that the Court's Order of Dismissal of September 26, 1989, suggests that the Order Granting Stay is dismissed and the bond posted by Southwestern Bell is discharged, same is set aside.

3. The Court's September 26, 1989, Order did not dispose of all issues before the Court, and in particular did not dispose of the Order Granting Stay or the requirement that all monies collected during the pendency of the stay in excess of the rates authorized by the Public Service Commission's June 20, 1989, Report and Order be paid into the registry of the Court on October 1, 1989 together with interest thereon, pursuant to the Court's Order Granting Stay.

4. Southwestern Bell Telephone Company shall pay into the registry of the Court all monies collected in excess of the rates authorized by the Public Service Commission's June 20, 1989, Report and Order, between July 1, 1989, and

September 26, 1989, together with interest thereon at an annual rate of nine percent (9%), no later than November 2, 1989. At the same time, Southwestern Bell Telephone Company shall provide the Court and all parties of record with a report, with adequate supporting documentation, verifying that the amounts paid into the registry of the Court constitute all monies collected during the pendency of the stay in excess of the rates authorized by the Public Service Commission's June 20, 1989, Report and Order.

5. The Court will thereafter determine who is entitled to receive such monies pursuant to the applicable statutes and the previous Orders of the Court.

Bell swiftly filed its writ of prohibition in the Court of Appeals, Western District.

## II.

"Prohibition lies only where an act in excess of jurisdiction is clearly evidenced" and "there is no adequate remedy by way of appeal." *State ex rel. Munn v. McKelvey*, 733 S.W.2d 765, 771 (Mo. banc 1987). The question we consider here is whether a trial court retains jurisdiction over a stay it issues under Section 386.520, RSMo 1986, in conjunction with an application for a writ of certiorari or review following a dismissal with prejudice of the writ.

Section 386.520 states, in pertinent part:

1. The pendency of a writ of review shall not of itself stay or suspend the operation of the order or decision of the commission, but during the pendency of such writ, the circuit court in its discretion may stay or suspend, in whole or in part, the operation of the commission's order.... In case the order or decision of the commission is stayed or suspended, the order or judgment of the court shall not become effective until a suspending bond shall first have been executed and filed with, and approved by, the circuit court, payable to the state of Missouri, and sufficient in amount and security to secure the prompt payment, by the party petitioning for the review, of all damages caused by the delay in the enforcement of the order or decision of the commission, and of all moneys which any person or corporation may be compelled to pay, pending the review proceedings, for transportation, transmission, product, commodity or service in excess of the charges fixed by the order or decision of the commission, in case such order is stayed or decision is sustained.

\* \* \* \* \* \*

5. Upon the decision of the circuit court, all moneys which the [public utility] may have collected pending the appeal, in excess of those authorized by such decision ... shall be promptly paid to the corporations or persons entitled thereto, in such manner and through such methods of distribution as may be prescribed by the court, unless an appeal be granted such corporation, person or public utility, as herein provided.

Bell argues that Section 386.520 gives the circuit court jurisdiction over a stay only during the pendency of the writ of review and allows distribution of the proceeds from a stay only upon the affirmation of the underlying PSC order. We disagree. For understandable reasons, Bell's argument misunderstands the nature of the proceeding before the circuit court.

Section 386.500, RSMo 1986, permits the Public Counsel "or any corporation or person or public utility interested" in an order or decision of the PSC to apply for a rehearing following a decision of the PSC. Section 386.510, RSMo 1986 authorizes the applicant for a rehearing to apply to the circuit court "for a writ of certiorari or review" if the PSC denies the rehearing.

The statutory language authorizing applications for review of a PSC order has existed since at least 1917. 1917 Mo.Laws 111 (codified at § 10522 RSMo (1919)). Section 386.510 permits a writ of certiorari or review "for the purpose of having the reasonableness or lawfulness of the original order or decision ... inquired into or determined." This statutorily stated purpose tracks closely the traditionally accepted, general definition of a common law writ of certiorari. "The office of the common-

law writ of certiorari ... generally extends to the review of all questions of jurisdiction, power, and authority of the inferior tribunal to do the action complained of, and all questions of irregularity in the proceedings." 14 Am.Jur.2d, *Certiorari* § 2 (1964).

This Court has held that the writ of certiorari or review maintains its common law function, subject to statutory limitations. "[T]he office of the writ of certiorari is the same as at common law ... consistent, of course, with the letter and spirit of existing statutes." *State ex rel. Jacobs v. Trimble*, 310 Mo. 150, 274 S.W. 1075, 1077 (1925). At common law, the writ of certiorari invokes a separate remedy commanding a lower tribunal to certify the record of a proceeding to a superior tribunal for purposes of review. Certiorari thus partakes of a dual nature; this Court has not always spoken consistently concerning certiorari.

Because of its review function, a writ of certiorari is "in the nature of an appellate process." 14 Am.Jur.2d, *Certiorari* § 2 (1964). *See Lusk v. Public Service Commission*, 277 Mo. 264, 210 S.W. 72, 75 (1919). (Under a writ of certiorari, the circuit court exercises "a jurisdiction in its nature derivative of appellate, rather than original.") However, to the extent that the writ is not a continuation of the original action, *Trimble*, 274 S.W. at 1077, it is a "new, separate and distinct action." *Id.*

Under Mo. Const. art. V, § 18, decisions of administrative tribunals are subject to review "by the courts as provided by law." The review of administrative actions guaranteed by art. V, § 18, does not require that the reviewing court treat the reviewing action as an appeal. Indeed, the constitution contemplates that the parameters of the review be determined by the statute authorizing review. Thus, the circuit court's authority extends no farther than the authority granted by the statute. "When a court of general jurisdiction engages in the exercise of special statutory power, ... the court's authority is strictly confined to that provided in the statute."

*State ex rel. King v. Kinder*, 690 S.W.2d 408, 409 (Mo. banc 1985).

■ We believe the continued legislative use of the phrase "writ of certiorari or review" is significant and describes the nature of the review contemplated. Moreover, we believe the legislature intended something other than an appeal when it designated the action contemplated by Section 386.510 an application for a writ of certiorari or review. First, and as we have said, certiorari means something other than an appeal. Second, where the legislature intended to use the word appeal, it did so. Section 386.540, RSMo 1986, permits the PSC or other parties to the proceeding before the circuit court to "prosecute an appeal to a court having appellate jurisdiction in this state. Such appeals shall be prosecuted as appeals from judgment [sic] of the circuit court in civil cases except as otherwise provided in this chapter." We hold, therefore, that review permitted under Section 386.510 is a separate action, and for purposes of procedural analysis, not an appeal.

■ Because a writ of review is not an appeal, but a separate action initiated for purposes of review, Bells' reliance on *State ex rel. McMullin v. Satz* is misplaced. *Satz* turns on an interpretation of Rule 84.09; that rule permits an appellant to dismiss an appeal "at any time prior to the submission of the cause in the appellate court." Because Bell is not an appellant, but is instead the applicant for a writ of certiorari or review, Rule 84.09 does not apply.

In this case, respondent entered his order dismissing Bells' application for writ of certiorari with prejudice. That order also purported to dissolve the stay originally entered by the court September 5, 1989. We do not decide, but assume for purposes of argument, that Bell, the PSC and the Public Counsel may dismiss the writ upon agreement. However, Section 386.520.5 founds the dissolution of the stay order "[u]pon the decision of the circuit court." Respondent's order of September 26, 1989, dissolves the stay, among other things, and is the "decision of the circuit court" con-

templated by Section 386.520.5. For purposes of procedural and jurisdictional analysis then, the September 26, 1989 order constitutes respondent's judgment.

█ It is because the circuit court entered a judgment in this case that Bell's reliance on *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, is misplaced. In *McKenzie,* this Court held that Rule 67.01 grants a plaintiff an absolute right to dismiss its cause of action without prejudice if the dismissal occurs prior to the introduction of evidence at trial. An application for a writ of certiorari or review under Section 386.510 is a statutory cause of action governed by the requirements of the statute. It is only where the statute is silent on procedural matters that the rules of civil procedure may be employed. Here, the dissolution of the stay required a decision of the circuit court. Section 386.520.5. While Rule 67.01 permits the voluntary dismissal of the action, such dismissal does not also dissolve the stay in the face of the specific statutory command.

Section 386.510 is silent as to the appropriate rules governing control of judgments by the trial court in these special writ of review proceedings. As we have said, where the statute is silent on matters of procedure, generally applicable rules relating to the trial court's control of its judgments apply. Rule 75.01 empowers the trial court to retain control over judgments "during the thirty-day period after entry of judgment" and permits the trial court to "vacate, reopen, correct, amend, or modify its judgment within that time" for good cause.

This is an action in prohibition. This Court need not decide whether respondent acted correctly in issuing his order of October 24, 1989. The sole issue before this Court is whether respondent has jurisdiction to enter the October 24, 1989 order. The October 24, 1989 order came 29 days after the entry of the order dismissing the writ with prejudice and within the time during which the trial court retains control over its judgments. Rule 75.01. Respondent's actions were entirely within his jurisdiction. Prohibition will not lie here.

III.

The preliminary rule in prohibition is quashed.

BLACKMAR, C.J., RENDLEN, HIGGINS and HOLSTEIN, JJ., and CARL R. GAERTNER and CRANDALL, Special Judges, concur.

COVINGTON and BILLINGS, JJ., not sitting.