STATE ex rel. PUBLIC SERVICE COMMISSION of the State of Missouri, Relator,

v.

The Honorable David C. DALLY, Judge, Division No. 2, Circuit Court of Jasper County, Missouri, Respondent.

No. SC 83484.

Supreme Court of Missouri, En banc.

May 31, 2001.

Rehearing Denied July 24, 2001.

Robert V. Franson, Keith R. Krueger, Dana K. Joyce, Cliff E. Snodgrass, Missouri Public Service Com'n, William R. England, III, Richard T. Cottone, Dean L. Cooper, Gregory Mitchell, Jefferson City, for relator.

James B. Deutsch, Henry T. Herschel, John B. Coffman, M. Ruth O'Neill, Office of Public Counsel, James M. Fischer, Jefferson City, Stuart W. Conrad, Jeremiah D. Finnegan, Kansas City, Leland B. Curtis, Clayton, Daniel E. Scott, Joplin, for respondent.

WOLFF, Judge.

Missouri–American Water Company, which provides service in numerous communities around the state of Missouri, filed a proposal with the Public Service Commission for a rate increase in October 1999. Numerous parties intervened. The commission held a hearing at its office in Cole County and local public hearings in the counties of Audrain, St. Charles, Jasper, Johnson, and Buchanan. The commission's report and order, authorizing Missouri–American to increase its rates, was issued in August 2000. A number of intervenors, ratepayers, filed applications for rehearing before the commission, which were denied.

Missouri–American filed a petition for writ of review in the Cole County Circuit Court in September 2000, on the day the commission denied rehearing and its decision became final. The industrial intervenors[1] and the City of Riverside filed a petition for writ of review in Buchanan County Circuit Court in October 2000, and subsequently Gilster Mary–Lee Company and the City of Joplin filed petitions for writ of review in Jasper County.[2] Others seeking review, in Cole County only, include the office of public counsel, a group of rural water districts in northwest Missouri[3] and the City of St. Joseph.

In all, ten petitions for writ of review have been filed in three circuit courts, Cole, Jasper, and Buchanan counties.

The Public Service Commission, in the Jasper County proceedings, made a motion to dismiss the petitions for review or in the alternative to transfer the matters to the circuit court for Cole County. These motions were overruled, and the petitions

---

1. The industrial intervenors are: Ag. Processing, Inc., Friskies Petcare, Inc., and Wire Rope Corporation of America, Inc.

2. The industrial intervenors, the City of Riverside, Gilster Mary–Lee Company, and the City of Joplin also filed petitions for review in Cole County. The latter petitions were called "provisional," and their obvious purpose was to ensure that the parties would have a review proceeding in Cole County in the event that they were incorrect about filing in Jasper and Buchanan counties. However, section 476.410 provides that a circuit court may transfer a case from "the wrong division or wrong circuit" to a proper venue, so a provisional filing is not necessary. *See State ex rel. Director of Revenue v. Gaertner,* 32 S.W.3d 564 (Mo. banc 2000). In this case, since all the parties are already before the circuit court in Cole County, we need not consider transfer under section 476.410.

3. The districts included the Public Water Supply District No. 1 of Andrew County, Public Water Supply District No. 2 of Andrew County, Public Water Supply District No. 1 of Buchanan County, and Public Water Supply District No. 1 of DeKalb County.

were consolidated before the respondent circuit judge.

■ This Court issued its preliminary order of prohibition. Prohibition is available to prevent a circuit court from acting beyond its statutory authority. *Cf. State ex rel. Southwestern Bell v. Brown*, 795 S.W.2d 385, 387 (Mo. banc 1990).

For reasons that follow, the preliminary order of prohibition is made absolute.

## The Writ of Review Under Section 386.510

A petition for writ of review is governed by statute, section 386 .510.[4] After a decision or order by the Public Service Commission, "the public counsel or any corporation or person or public utility interested therein" has the right to apply to the commission for rehearing. Section 386.500. When rehearing is denied, any such person "may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision ... inquired into or determined." Section 386.510.[5]

■ The "writ of certiorari or review (herein referred to as a writ of review)" is heard by the circuit court "on the evidence and exhibits introduced before the commission and certified to" by the commission. Section 386.510. "Certiorari," the word used in the statute, is a writ "directing a lower court to deliver the record in the case for review." BLACK's LAW DICTIONARY 220 (7th ed.1999); *see State ex rel. South-*

---

**4.** All cites are to RSMo 2000, unless otherwise indicated.

**5.** Section 386.510 provides:

Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined. The writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record in the case to the court. On the return day the cause shall be heard by the circuit court, unless for a good cause shown the same be continued. No new or additional evidence may be introduced upon the hearing in the circuit court but the cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the commission and certified to by it. The commission and each party to the action or proceeding be-

fore the commission shall have the right to appear in the review proceedings. Upon the hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review. In case the order is reversed by reason of the commission failing to receive testimony properly proffered, the court shall remand the cause to the commission, with instructions to receive the testimony so proffered and rejected, and enter a new order based upon the evidence theretofore taken, and such as it is directed to receive. The court may, in its discretion, remand any cause which is reversed by it to the commission for further action. No court in this state, except the circuit courts to the extent herein specified and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties. The circuit courts of this state shall always be deemed open for the trial of suits brought to review the orders and decisions of the commission as provided in the public service commission law and the same shall be tried and determined as suits in equity.

*western Bell v. Brown, supra,* 795 S.W.2d at 388. The record in this case is thousands of pages, accompanied by numerous exhibits. When this statute originally was passed, in 1917, the record meant only one record. In recent years, with the advent of xerographic technology, copies of a voluminous record can be made available readily to more than one court.[6]

For purposes of simplicity in this proceeding in prohibition, there were petitions for writ of review filed in two circuit courts—the first in Cole County and then in Jasper County.[7]

**Venue of Writs of Review**

■■■■ Venue in Missouri is solely a matter of statute, not convenience. *Willman v. McMillen,* 779 S.W.2d 583 (Mo. banc 1989). The statute prescribes the proper forum, which may include several choices. Venue is proper in either Cole or Jasper county because a hearing was held in each county. *State ex rel. Case v. Seehorn,* 283 Mo. 508, 223 S.W. 664 (1920).

The writ of review proceeding can be properly venued in either Cole County or Jasper County, but is it proper under section 386.510 to have review proceedings in both courts?

■■■ From its origins, section 386.510 refers only to one record. In the current version of section 386.510, upon filing the petition for writ of certiorari or review: "[t]he writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify *its record* in the case *to the court.*" (Emphasis added.)

Once a petition for writ of review is filed in a circuit court, the commission is commanded under section 386.510 to produce its record to that court. Quite simply, that circuit court has the authority to review the record in its entirety to ascertain the reasonableness or lawfulness of the Public Service Commission's decision. All of the parties that were parties to the commission's proceeding are entitled to appear in the review proceeding in the circuit court. Section 386.510.

In this case, the first petition for writ of review was filed in Cole County. The Cole County Circuit Court thus became "the court" to which the commission had to certify "its record" under section 386.510. The Cole County Circuit Court has the authority to review the commission's decision in accordance with section 386.510.

The statute allows petitions for writ of review to be filed in the circuit court for any county in which a hearing was conducted. In this Missouri–American Water Company case, there are several such counties. However, once a petition for writ of review is properly filed in one such county, all proceedings to review the commission's decision on the record in a particular case will be held in the circuit court to which the record has been certified. All parties seeking review of the commission's decision must appear in the same circuit court where the first petition for review is properly filed.

Section 386.510 does not contemplate multiple proceedings in multiple circuit courts, raising the same or similar issues, and allowing the potential for inconsistent

---

6. The Public Service Commission sent copies of the entire record to the circuit courts in Jasper and Buchanan counties. An index to the record was filed in Cole County, where the complete record is available at the commission's offices, which are located near the Cole County courthouse.

7. The petition for review filed in Buchanan County is the subject of the accompanying writ of prohibition proceeding in *State ex rel. Public Service Commission v. Jackson,* 50 S.W.3d 250 (Mo. 2001). decided today.

adjudications. Section 386.510 contemplates that if the reviewing court reverses the commission's decision, the case is to be remanded to the commission for further proceedings. If more than one circuit court were to enter such orders in the same case, the commission might be given contradictory directions by different reviewing courts. Thus, when the statute refers to "the court," it means only one circuit court, whose decision is then subject to appeal, under section 386.540.1, "to *a* court having appellate jurisdiction in this state." (Emphasis added.) The "record on appeal" includes the "original transcript of the record and testimony and exhibits, certified to by the commission and filed in the circuit court...." Section 386.540.1. This obviously means one appeal. *See, State ex rel. Southwestern Bell v. Brown,* 795 S.W.2d at 388. In short, nothing in the statute expresses or implies that there can be more than one review proceeding.

Once the first petition for review was filed in this case, in Cole County Circuit Court, there was no authority for the Jasper County Circuit Court to proceed upon the same record.

### Conclusion

This Court makes absolute its preliminary order of prohibition. The circuit court for Jasper County is directed to dismiss the underlying petition for review.

All concur.