STATE ex rel. OFFICE OF PUBLIC COUNSEL, Appellant,

v.

PUBLIC SERVICE COMMISSION OF the STATE of Missouri and Southern Union Company, Respondents.

No. WD 72625.

Missouri Court of Appeals, Western District.

Dec. 14, 2010.

---

Marc D. Poston, Jefferson City, MO, for appellant.

Steven C. Reed and Jennifer Heintz, Jefferson City, MO, for respondent Public Service Commission of the State of Missouri; Diana C. Carter and James C. Swearengen, Jefferson City, MO, for respondent Southern Union Company.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

The Office of the Public Counsel ("OPC") appeals from the trial court's judgment dismissing its petition for writ of review. OPC contends: (1) the trial court erred because its petition was not premature as it was properly filed after the Public Service Commission ("PSC") orally denied OPC's application for rehearing in its agenda meeting; (2) the trial court misinterpreted the law because although section 386.510 [1] requires petitions for writ of review to be filed no later than thirty days after the PSC denies rehearing, it does not prohibit the filing of a petition for writ of review before rehearing is denied; and (3) the trial court misinterpreted the law in that premature petitions for writ of review should be considered filed when the PSC denies rehearing. We affirm.

**Factual and Procedural History**

The following facts are undisputed. On February 10, 2010, the PSC entered its Report and Order in case number GR–2009–0355 regarding Missouri Gas Energy's ("MGE") filing of tariff sheets to implement a general rate increase for natural gas service. Prior to entry of the Report and Order, the PSC held local public hearings in Joplin, Jasper County and evidentiary hearings in Jefferson City, Cole County. On February 19, 2010, both OPC and MGE separately filed applications for rehearing. On February 24, 2010, at approximately 1:16 p.m., the PSC orally voted during an agenda meeting to approve a proposed order denying the applications for rehearing filed by both OPC and MGE. Following the vote, an OPC representative that was present at the PSC's agenda meeting immediately instructed another OPC representative who was stationed at the Cole County courthouse to file OPC's petition for writ of review. OPC's petition for writ of review was filed at 1:18 p.m.

At 2:18 p.m., a written order denying both applications for rehearing and signed by the secretary for the PSC ("Order") was posted to the PSC's Electronic Filing and Information System. At 2:24 p.m., MGE filed its petition for writ of review in Jasper County.[2]

---

1. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

2. Though not relevant to the disposition of this case, we note for the curious reader that the race to the courthouse was apparently the result of the fact that the Western District Court of Appeals (which has jurisdiction over appeals from Cole County) and the Southern District Court of Appeals (which has jurisdiction over appeals from Jasper County) have issued conflicting opinions with respect to the

On March 24, 2010, the PSC filed a motion in Cole County requesting transfer of the Cole County petition for writ of review to Jasper County. MGE filed a motion to intervene and a motion to dismiss the Cole County petition. After a hearing held on April 20, 2010, the Cole County Circuit Court found that OPC's petition for writ of review was filed prematurely and thus "was not effective for any purpose." In so finding, the trial court found that the PSC's written order was the operative act constituting denial of the pending applications for rehearing, not its voice vote. The trial court therefore dismissed OPC's petition for writ of review "for lack of subject matter jurisdiction and in deference to the first properly filed petition for review which was filed in Jasper County." OPC appeals.

## Rule 84.04 Violations

OPC's brief is deficient and in violation of Rule 84.04(e) in that OPC's argument does not include the applicable standard of review. Moreover, there is not a single reference to the legal file in either OPC's statement of facts or its argument as required by Rule 84.04(i). The requirements in Rule 84.04 are mandatory and must be met by appellants. *Brown v. Wheatley*, 306 S.W.3d 664, 665 (Mo.App. S.D.2010). Nonetheless, we have elected to exercise our discretion to entertain OPC's appeal, as we are able to discern the nature of the issues raised by OPC on appeal.

## Standard of Review

 Normally, an appellate court reviews the decision of the administrative agency, not the circuit court. *State Bd. of Registration for the Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003). In this case, however, we are reviewing the trial court's dismissal of OPC's

propriety of the formula employed by the PSC

petition for writ of review for lack of subject matter jurisdiction independent of the merits of the underlying PSC Report and Order. *State ex rel. AG Processing, Inc. v. Public Service Comm'n*, 276 S.W.3d 303, 307 (Mo.App. W.D.2008). "Generally, this court reviews a dismissal for lack of subject matter jurisdiction for an abuse of discretion." *Ladd v. Mo. Board of Prob. & Parole*, 299 S.W.3d 33, 36 (Mo.App. W.D.2009). "Where, however, 'the facts are uncontested, a question as to subject-matter jurisdiction of a court is purely a question of law, which is reviewed de novo.'" *Id.* (quoting *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 22 (Mo. banc 2003)).

Although the trial court dismissed OPC's petition for writ of review for lack of subject matter jurisdiction because it found the prematurely filed petition for writ of review was not effective for any purpose under section 386.510, we question whether this alleged defect in OPC's petition reflects the absence of subject matter jurisdiction. In *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Supreme Court held that "Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." *Id.* at 252. The court continued to describe the breadth of a circuit court's subject matter jurisdiction as described in article V, section 14 of the Missouri Constitution as including "original jurisdiction over *all* cases and matters, civil and criminal." *Id.* at 253–54. As in *Webb*, the present case is a civil case. "Therefore, the circuit court [had] subject matter jurisdiction and, thus, [had] the authority to hear this dispute." *Id.* at 254.

The essence of *Webb* was to distinguish from truly jurisdictional issues the "separate issue of the circuit court's *statutory or*

to authorize the rate increase for MGE.

*common law authority* to grant relief in a particular case." *McCracken v. Wal–Mart Stores E., L.P.*, 298 S.W.3d 473, 477 (Mo. banc 2009). Under the combined authority of *Webb* and *McCracken*, we believe the trial court's dismissal of OPC's petition for writ of review should not have been based on a lack of subject matter jurisdiction but, rather, on a lack of statutory authority to entertain a prematurely filed petition under section 386.510. However, the trial court's assignment of an erroneous "label" to its determination does not warrant reversal. We will simply treat the trial court's determination as grounded in the legal conclusion that section 386.510 deprived it of the authority to entertain OPC's prematurely filed petition for writ of review, a question of law we review *de novo*.

### Analysis

■ In its first point on appeal, OPC argues that the PSC's denial of all pending applications for rehearing by voice vote during a public agenda meeting constituted a "denial" sufficient to trigger the right to file a petition for writ of review under section 386.510. The trial court held that the voice vote of the PSC did not constitute a "denial" of the applications for rehearing and that the applications were not denied until issuance of the PSC's written Order. The trial court held that "the PSC acts by its orders and other written instruments alone, and not by its voice votes or other procedures." As such, the trial court found that when OPC filed its petition for writ of review, there had not been a ruling on the applications for rehearing, rendering the petition premature.

Sections 386.500 and 386.510 govern procedures concerning the ability to seek circuit court review of an order or decision of the PSC. Section 386.500.1 provides that after an order or decision has been made

by the PSC, interested parties shall have the right to apply to the PSC for a rehearing. Section 386.500.2 provides that "[n]o cause or action arising out of any order or decision of the commission shall accrue in any court" to any party "unless that party shall have made … application to the commission for a rehearing."

Once an application for rehearing has been denied by the PSC, or if granted, upon disposition of the rehearing, section 386.510 permits review of the PSC order or decision by a circuit court. Section 386.510 provides in pertinent part:

> Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined. The writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record in the case to the court.

Here, both MGE and OPC filed applications for rehearing. Both applications for rehearing were simultaneously denied. Because public hearings had been conducted in Jasper County, venue for circuit court review of the PSC's Report and Order was proper, according to section 386.510, in either Jasper County or Cole County.

■ Both MGE and OPC filed a petition for writ of review of the PSC Report and Order, with OPC filing first in Cole County and MGE filing second in Jasper County.

Where more than one petition for writ of review is filed, venue is proper *only* in the county of the first filing. *State ex rel. Pub. Serv. Comm'n v. Dally,* 50 S.W.3d 774, 777 (Mo. banc 2001). This principle necessarily presumes, however, that the first filed application is of lawful import.

OPC argues that its petition for writ of review was of lawful import because it was filed after the PSC's voice vote denial of the pending applications for rehearing. OPC cites to no authority for the proposition that the oral disposition of a matter by the PSC constitutes an official act of the PSC. We note in contrast that section 386.280.1 provides that "[e]very order, authorization or certificate issued or approved by the commission under any provision of this chapter shall be in writing and entered on the records of the commission." This statute requires us to conclude that notwithstanding the voice vote of the PSC during its agenda meeting, the PSC did not officially deny the pending applications for rehearing until it issued its written Order signed by its secretary. The record does not advise precisely when the Order was signed, though we note it was publicly disseminated by posting on the PSC's website at 2:18 p.m. on February 24, 2010.

We acknowledge that the posting of the Order on the PSC's website was a ministerial step in the process of notifying the public of the PSC's action and does not represent the precise point at which the Order became an official act of the PSC pursuant to section 386.280.1. *Coffer v. Wasson–Hunt,* 281 S.W.3d 308, 310 (Mo. banc 2009) (holding that judgment was entered when it was signed by the trial judge, and not upon the ministerial act of its entry on the record by the court clerk more than six weeks later). OPC relies on *Coffer* to support its claim that the posting of the Order to the website did not consti-

tute entry of the Order. Though that is true, it does not follow that the PSC's verbal announcement of its ruling on the pending applications for rehearing constituted entry of its Order, a conclusion that would require us to disregard the clear and unambiguous language of section 386.280.1. In fact, *Coffer* counsels that it was the *signed written* order of the trial judge that resulted in the entry of judgment as to satisfy the requirement of Rule 74.01(a) that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Section 386.280.1 is of similar import to Rule 74.01(a). We thus conclude that until the Order was signed by the PSC's secretary, the PSC had not denied the applications for rehearing in a manner sufficient to constitute an order under section 386.280.1.

Section 386.510.1 provides that "[w]ithin thirty days *after* the application for a rehearing is denied ... the applicant may apply to the circuit court" for writ of review. (Emphasis added.) Read in conjunction with section 385.500.2's directive that "no cause of action" for judicial review "shall accrue" unless a petition for rehearing has previously been filed, section 386.510.1 thus expresses that denial of an application for rehearing is a condition to the right to seek circuit court review. It follows that in the absence of a denial of pending applications for rehearing, a petition for writ of review is premature and cannot invoke the circuit court's statutory authority under section 386.510. Here, there is no evidence to suggest that the written Order denying the pending applications for rehearing had been signed by the PSC's secretary before OPC filed its petition for writ of review in Cole County. We cannot conclude, therefore, that the trial court erred as a matter of law when it held that OPC's petition for writ of review was premature and thus not the first filed,

requiring its dismissal. Point One is denied.

In its second point on appeal, OPC argues in the alternative that it was entitled to file a petition for writ of review at any time, even prematurely, so long as it filed a petition no more than thirty (30) days after applications for rehearing are denied. In other words, OPC argues that the thirty day reference in section 386.510 describes only an outside date for filing a petition for writ of review. This point is defeated by the plain language of sections 386.500.2 and 386.510, which, as we have noted, clearly combine to require the denial of a pending application for rehearing as a condition to the right to file a petition for writ of review. If a pending application for rehearing has not been denied, then the statutory trigger authorizing the circuit court to conduct review has not occurred, rendering any petition for writ of review premature, requiring dismissal of the petition. *See, e.g., State ex rel. AG Processing, Inc.,* 276 S.W.3d at 309; *State ex rel. Cnty. of Jackson v. Pub. Serv. Comm'n,* 14 S.W.3d 99, 102–03 (Mo.App. W.D.2000). The plain intent of sections 386.500.2 and 386.510, read together, distinguishes this case from *Estate of Schler v. Benson,* 947 S.W.2d 495 (Mo.App. W.D. 1997), which held as a general principle that when action "is required 'within' a certain time after a specified event, it simply means that notice must be given not later than the time specified." *Id.* at 499. *See also, e.g. Kleim v. Sansone,* 248 S.W.3d 599, 602 (Mo. banc 2008). Common sense thus dictates that until an application for rehearing is denied in the manner required by section 386.280.1—i.e. by written order—it remains pending, rendering any prematurely filed petition for writ of review insufficient to invoke the circuit court's authority under section 386.510. The trial court did not error as a matter of law by holding that "OPC's petition for writ of review in this case was premature because it was filed prior to the PSC's denial of all applications for rehearing." Point Two is denied.

In its third point on appeal, OPC alternatively argues that if its petition for writ of review was prematurely filed, it should be considered timely filed at the point the written Order was issued and, thus, prior to the filing of the petition for writ of review filed by MGE in Jasper County. This argument is diametrically opposed, however, to the outcome required by *State ex rel. AG Processing* and *State ex rel. County of Jackson,* where prematurely filed petitions for writ of review were ordered dismissed because they were ineffective to invoke the circuit court's review authority under section 386.510.

Notwithstanding, OPC points out that section 536.110.1, which provides that any proceeding for review of an administrative agency decision under the Administrative Procedures Act ("APA") must be instituted by filing a petition in the circuit court within thirty days of notice of the agency's final decision, has been construed to treat a prematurely filed petition for review as "filed immediately after the issuance of the agency decision." *Knapp v. Mo. Local Gov't Emps. Ret. Sys.,* 738 S.W.2d 903, 909 (Mo.App. W.D.1987). OPC argues the same analysis should apply to a prematurely filed petition for writ of review under section 386.510.

In *Knapp,* we equated the premature filing of a petition for review with the effect of Rule 81.05(b), which provides that a prematurely filed notice of appeal shall "be considered filed immediately after the time the judgment becomes final for purposes of appeal." *Id.* We note that Rule 81.05(b) *expressly* affords an appellant the relief of treating a prematurely filed notice of appeal as timely filed upon finality of an

underlying judgment. In the absence of Rule 81.05(b), there would arguably be no such relief. *See, e.g.,* discussion of Rule 81.05(b) in *State ex rel. State Highway Comm'n v. Tate,* 576 S.W.2d 529 (Mo. banc 1979). Under the APA, there is no statutory equivalent to Rule 81.05(b). Moreover, section 386.500.2 provides that "[n]o cause or action" for judicial review "shall accrue" unless and until a petition for rehearing has been filed, and section 386.510 provides that a petition for review may be filed "[w]ithin thirty days after the application for rehearing is denied." In contrast, section 536.110.2 gives an aggrieved party the option of filing for rehearing and words the time limitation following denial of rehearing differently. It provides that petitions for review "may be filed without first seeking a rehearing, but in cases where agencies have authority to entertain motions for rehearing and such a motion is duly filed, the thirty day period aforesaid *shall run from the date of ... notice of the agency's decision on such motion.*" (Emphasis added.)

Given the differences in the relevant statutes and our prior decisions in *State ex rel. AG Processing* and *State ex rel. County of Jackson,* we decline, therefore, to read *Knapp* to hold that in *every case* where a petition for review is prematurely filed, the petition will be treated as filed upon the subsequent occurrence or entry of the agency act or decision statutorily designated as the required predicate to trigger the circuit court's authority to conduct review. We also note that the court in *Knapp* was expressly influenced in its holding by the city's withdrawal of a motion to dismiss the prematurely filed petition, and by the city's stipulation that the prematurely filed petition should be held

in abeyance, because of "the confusing wording of the board's letter advising plaintiff of its summary denial of disability benefits and instructing him to appeal that decision notwithstanding the fact that plaintiff had another administrative remedy to pursue—a hearing before the board." *Knapp,* 738 S.W.2d at 909. *Knapp* expressly held that "[u]nder the circumstances, the defendants waived any right they had to dismissal of the original petition." *Id.*

Moreover, there is a compelling reason to treat petitions for writs of review filed under section 386.510 as subject to strict compliance with the requirement that an application for rehearing be denied by written order, in the manner required by section 386.280.1, as a precursor to seeking review. Section 386.510 expressly envisions a scenario where several circuit courts could present the proper venue for entertaining a petition for writ of review. Yet, case law directs that where multiple petitions for writ of review have been filed, venue is only proper in the county where the first petition for writ of review was filed. *Dally,* 50 S.W.3d at 777. If prematurely filed petitions for writ of review are deemed timely filed upon the subsequent denial of pending applications for rehearing, parties will be encouraged to file petitions for writ of review before applications for rehearing have been disposed, creating, as the trial court noted, "an irresolvable tie ... in every case with multiple parties preferring different venues."[3] This would not serve the purpose of Rule 81.05(b) "to preserve appeals for litigants whose counsel in an abundance of caution or by mistake file premature notices of appeal" under circumstances where it can be difficult

3. The trial court noted that if prematurely filed petitions for writ of review are deemed timely upon entry of a subsequent PSC order denying the applications for rehearing, then all prematurely filed petitions would be deemed filed at precisely the same moment, making it impossible to discern who "first filed."

to discern when a final judgment has been entered.[4] *Tate,* 576 S.W.2d at 531. As OPC has not demonstrated that judicial review of a prematurely filed petition for writ of review is authorized by statute, the trial court did not error by concluding that OPC's petition for writ of review "did not retroactively become 'proper' or 'timely' under any rule or statute." Point Three is denied.

### Conclusion

The trial court's judgment dismissing OPC's petition for review is affirmed.[5]

All concur.

4. Section 386.490.3 provides that "[e]very order or decision of the commission shall of its own force take effect and become operative thirty days after service thereof, [in the manner described in section 386.490.1] *except as otherwise provided.*" (Emphasis added.) It is common practice, therefore, for PSC orders and decisions to expressly note their "issuance date" and "effective date." In fact, the Missouri Code of State Regulations 4 CSR 240–2.050 addresses the computation of effective dates for PSC orders. 4 CSR 240–2.050(2) provides that "[i]n computing the effective date of any order of the commission, the day the order was issued shall not be included, and the order is considered effective at 12:01 a.m. on the effective date designated in the order." Here, the date of issuance of the written Order denying the applications for rehearing was February 24, 2010, which, according to 4 CSR 240–2.050(2) would not be considered in computing the effective date of the order. However, the Order also expressly stated that its effective date was February 24, 2010, which, according to 4 CSR 240–2.050(2) means it was effective as of 12:01 a.m. on that date. 4 CSR 240–2.050(2) does not advise how to resolve the conflict where the specified effective date and issuance date are the same. In any event, OPC has not argued that its prematurely filed petition for

writ of review should be deemed timely filed because, by application of this regulation, the written Order denying the applications for rehearing should be treated as effective at 12:01 a.m. on February 24, 2010, and thus before OPC's petition for writ of review was filed. We need not resolve, therefore, the conflict inherent in the regulation where the issuance date and effective date of a PSC order are the same.

5. We observe that the motion filed by the PSC and ruled by the trial court sought transfer, not dismissal, of OPC's petition for writ of review. If two parties file timely petitions for writ of review in competing venues, then transfer of the last filed petition to the county where the first petition was filed would be proper. *See, e.g.,* Rule 51.045(a) (addressing transfer of an action brought in an improper venue to a county with proper venue). We do not believe, however, that transfer of OPC's prematurely filed petition for writ of review to Jasper County would have been appropriate here, as the petition was not effective for any purpose, requiring its dismissal. OPC is not without recourse. OPC is free to seek leave to intervene in the proceeding initiated by MGE in Jasper County and to file its own petition for writ of review, if it has not already done so.